Frederick L. Cottrell III
302-651-7509
Cottrell@rlf.com



November 24, 2015

The Honorable Leonard P. Stark
United States District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801-3568

> Re:    *Elm 3DS Innovations LLC v. Micron Technology Inc. et al*, C.A. No. 1:14-
> cv-01431-LPS-CJB; *Elm 3DS Innovations LLC v. Samsung Electronics
> Co., Ltd. et al*, C.A. No. 14-1430-LPS-CJB; and *Elm 3DS Innovations
> LLC v. SK hynix Inc. et al*, C.A. No. 14-1432-LPS-CJB

Dear Chief Judge Stark:

I write on behalf of Defendants in the above-referenced actions in response to the discovery letter filed by Plaintiff Elm 3DS Innovations ("Elm") on November 20, 2015.  Elm's argument is based on an incorrect premise that Defendants' proposed protective order treats Plaintiff differently than Defendants.  For example, Elm wrongly implies that Defendants' in-house counsel will have access to Elm's confidential information, but this assertion is factually incorrect.  For the reasons below, the Court should adopt Defendants' proposed protective order.

**Defendants Should Be Allowed To Share Elm Confidential Information Among Their Outside Counsel In Order to Coordinate Common Defenses**

Elm requests a one-sided prohibition on Defendants from "sharing or discussing protected information (which includes confidential, highly confidential, and restricted confidential material) that Elm 3DS separately produces" to any one of the Defendants despite its own outside counsel having such access with regard to Defendants' information.  Having filed simultaneous actions asserting the same patents against the three Defendants in the same court, presumably so it can coordinate its offensive strategy and litigate efficiently across actions, Elm should not be allowed to force Defendants to litigate together while simultaneously prohibiting them from coordinating their defenses.  Elm's request should be rejected for several reasons.

First, the restriction Elm seeks is inconsistent with this Court's practice.  This Court has entered protective orders that allow defendants to share confidential information produced by a plaintiff to any one party.  *See Parallel Networks, LLC v. Barracuda Networks, Inc. et al.*, No. 13-1412-LPS (D. Del., Aug. 7, 2014), D.I. 30; *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC et al.,* Nos. 14-1006-RGA and 14-1212-RGA (D. Del., Nov. 17, 2015), D.I. Nos. 65 and 54.  Second, this restriction would interfere with Defendants' ability to share expert witnesses, because Defendants would risk violating the protective order when any Defendant discusses the case with a shared expert.  A restriction on the sharing of experts will result in an unnecessary increase in litigation expense and evidence and disputed opinions the Court would otherwise avoid having to address.  Third, the one-sided prohibition against sharing Elm's discovery responses will unfairly prevent Defendants from identifying inconsistencies in Elm's infringement or validity theories across Defendants while simultaneously allowing Elm to selectively pursue varying theories against Defendants and effectively pit each of the Defendants against one another, to Elm's advantage.

Elm's attempted characterization of Defendants' position as the one that is unfairly one-sided should be rejected.  (Elm Letter at 1.)  Elm asserts that if Defendants are allowed to share

■ ■ ■

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

www.rlf.com

The Honorable Leonard P. Stark
November 24, 2015
Page 2

Elm's discovery responses, then Elm should likewise be permitted to share discovery responses from any one Defendant with the other Defendants.  To the contrary, all three Defendants are manufacturing entities who are competitors in the memory industry.  Elm, on the other hand, is a patent assertion entity that currently does not conduct research and development and does not make any products.  Thus, allowing Elm to decide what confidential trade secret information of one Defendant should be shared with other Defendants would risk serious competitive harm, whereas there is no risk of competitive harm to Elm if Defendants share Elm's discovery responses amongst their outside counsel.

Elm next argues that if sharing is permitted, "individual discovery requests will effectively become joint requests."  (Elm Letter at 1.)  This fear is unfounded, as Defendants have an obligation to the Court not to engage in frivolous discovery merely intended to circumvent discovery limits or increase the burden on Elm.  This issue was already addressed at the scheduling conference, where the Court ordered limits on joint and separate discovery requests.  Moreover, the protective order is not the appropriate mechanism to address this issue.  Instead, this dispute is more properly addressed in separate motion practice if and when such a discovery request is later promulgated.

**Elm Should Not Be Permitted To Share Defendants' Protected Information With "Settlement Counsel" Who Are Competitive Decision-Makers**

Elm further requests that its "settlement counsel" be permitted access under the protective order to Defendants' trade secret information.  However, the proposed counsel here appears to be involved in a competitive decision making role and should thus be prohibited from access under this Court's past practice.  *See Apeldyn Corp. v. AU Optronics Corp.*, 2012 WL 2368796, at *7-10 (D. Del. June 13, 2012) (quoting *R.R. Donnelley & Sons Co. v. Quark, Inc.*, 2007 WL 61885, at *2 (D. Del. Jan.4, 2007)), *R&R adopted*, 2012 WL 2366537 (D. Del. June 20, 2012) (denying corporate representatives involved in licensing access to highly confidential information); *Affymetrix, Inc. v. Illumina, Inc.*, 2005 WL 1801683, at *1-2 (D. Del. July 28, 2005) (Judge Farnan prohibiting a lawyer involved in patent licensing from having access to a party's highly confidential information); *Research Frontiers Inc. v. E Ink Corp. et al.*, Oral Order (D. Del., Nov. 16, 2015), No. 13-cv-01231, ECF No. 141 (denying request to disclose defendant's confidential information to expert who competed and will compete with defendant).

As background, Elm is a non-practicing patent assertion entity that does not employ in-house counsel.  While Elm states that it "retained Ron Epstein of Epicenter Law P.C. ('Epicenter') to serve as settlement counsel, "settlement counsel" is just a euphemism for licensing agent.  (Elm Letter at 2.)[1]  Whatever the name, Epstein and his company are engaged in competitive decision making, namely the licensing and brokerage of patent assets, rather than in the practice of law.

Elm argues that Mr. Epstein is not a competitive decision-maker because (1) Elm does not make or sell products and therefore does not compete with Defendants, and (2) Mr. Epstein is not involved in Elm's patent prosecution.  (*Id.* at 3.)  But Elm ignores that Mr. Epstein is involved in patent licensing and brokerage—i.e., acquisition and sales of patent portfolios that are then asserted by non-practicing entities against the electronics industry.  By Elm's own

---

[1] In practice, Epicenter does business as "Epicenter IP Group," and not as a law firm.

The Honorable Leonard P. Stark
November 24, 2015
Page 3

description, "Mr. Epstein focuses on patent licensing, brokerage, and strategic IP consulting" and "assisted Elm's president, Glenn Leedy, in selling a large patent portfolio." (*Id.*) This activity clearly goes well beyond the typical role of outside counsel and crosses into business advice. Moreover, according to its website, "Epicenter team members contribute their unique combination of legal, business, and technical expertise to execute successful patent transactions for our clients; be they brokerage, licensing, or project based in nature." (Ex. 1.) Epicenter boasts "experience and expertise in managing patent monetization." *Id.* Mr. Epstein, who has attended licensing discussions with each of the Defendants, states in his website biography that he has "more than 20 years of experience in developing, optimizing, and transacting intellectual property (IP) asset portfolios." (Ex. 2.) Mr. Epstein's biography further states that he has delivered "over $1 billion of value from the sale or *licensing* of patents in over 150 transactions." (*Id.*) Mr. Epstein and Epicenter IP may have other patent portfolios that they may evaluate based on the technical knowledge they glean from Defendants' highly confidential technical information. In fact, Epicenter and Ron Epstein are currently involved in another action filed against Micron, *MLC Intellectual Property, LLC v. Micron*, Civil Action No. 3:14-CV-03657 (N.D. Cal.). (Ex. 3.) The fact of multiple actions shows that Epicenter is a serial litigant who could inadvertently use trade secret technical information learned in this case to decide what patents it might assert against Defendants in future litigation. Epicenter's staff is precisely the type of competitive decision-makers that this Court and numerous other federal courts have ruled should *not* have access to confidential information produced in discovery.

Insofar as Elm again argues that it is being treated unfairly—that Defendants seek a protective order "where Defendants' counsel can share Elm's confidential information with their clients, but Elm's counsel cannot share Defendants' confidential information with their client"—the Court should reject this argument. The protective orders sought by each Defendant are entirely evenhanded. Access to protected information is limited to outside counsel for all parties.[2] Elm conflates this issue by pointing out Micron's in-house counsel seeks access to their own confidential information set forth in Elm's infringement contentions. E.g., Micron's in-house counsel seeks access to Micron confidential information as set forth in infringement contentions purportedly explaining how Micron practices the asserted patent claims. (Elm Letter at 2-3.)

Finally, Elm argues that Mr. Epstein's status as an attorney with multiple clients somehow trumps the risk of inadvertent disclosure. (Elm Letter at 3.) (alleging the risk of Mr. Epstein inadvertently misusing Defendants' protected information would "apply to any attorney who has multiple clients."). This argument misses the point. Mr. Epstein and Epicenter, unlike trial counsel who are allowed access to protected information, counsel clients on competitive decision making issues pertaining to the acquisition and assertion of patents. Mr. Epstein and Epicenter therefore run a much higher risk of inadvertently using protected information in their counseling on which patents to acquire and assert. Elm gives no reason for its request that Epicenter have access to technical information from Defendants—Elm has able outside counsel who can advise their clients without conveying underlying technical information.

---

[2] Defendants have advised that they will consider, on a case-by-case basis, sharing certain confidential information with Elm and its settlement counsel in the context of a settlement negotiation. Thus, the protective orders sought by Defendants will not inhibit settlement.

The Honorable Leonard P. Stark
November 24, 2015
Page 4

Respectfully,

*/s/ Frederick L. Cottrell*

Frederick L. Cottrell, III (#2555)

cc:     All Counsel of Record