IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity,<br>SAMSUNG SEMICONDUCTOR, INC., a California corporation,<br>SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware limited liability company,<br><br>        Defendants. | Civil Action No. 14-1430-LPS-CJB |

**MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Burke issued a 10-page Report and Recommendation ("Report") (D.I. 40), dated September 29, 2015, recommending that Defendants' Motion to Dismiss ("Motion") (D.I. 25) be denied;

WHEREAS, on October 16, 2015, Defendants objected to the Report ("Objections") (D.I. 43), arguing that the Report erred in finding that Plaintiff's factual allegations provided a plausible basis for inferring induced infringement because it incorrectly concluded that Defendants (1) had actual knowledge of the '239 patent before this lawsuit was filed; and (2) specifically intended to encourage infringement of the '239 patent;

WHEREAS, on November 2, 2015, Plaintiff responded to the Objections (D.I. 48), arguing that (1) the Report made neither factual nor legal errors and (2) that Plaintiff's complaint

alleged facts sufficient to support a plausible allegation of induced infringement;

WHEREAS, the Court has considered Defendant's Motion *de novo*, as it presents case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Objections are OVERRULED, Judge Burke's Report is ADOPTED, and Defendants' Motion (D.I. 25) is DENIED.

2. Defendants argue that the Report's actual knowledge analysis improperly gave weight to Defendants' competitors' knowledge of the patents-in-suit. The Court disagrees. Defendants are correct that numerous cases have found that factual allegations based on general participation in a relevant market may not form a basis for inferring actual knowledge of a particular patent. *See, e.g., EON Corp. IP Holdings*, 802 F. Supp. 2d 527, 533-534 (declining to infer actual knowledge from fact that sophisticated market participant would likely have learned of patent through reasonable due diligence); *MONEC Holding*, 897 F. Supp. 2d 225, 233 (participation as "reasonable economic actor[s] and competitor[s]" in same technologically-based industry is insufficient to establish actual knowledge); *SoftView LLC v. Apple Inc.*, 2012 WL 3061027, at *6 (D. Del. July 26, 2012) (widespread knowledge of third-party litigation involving patent does not make actual knowledge plausible). Yet every case must be evaluated on its own merits. Here, Plaintiff argues not that participation in the relevant market would have given Defendants merely incentives or opportunities to know about the patent, but, rather, that Defendants' knowledge may be inferred from their participation in the semiconductor market where, allegedly, the existence of the patent-in-suit was common knowledge. Defendants'

participation in an industry group that was working to standardize technologies related to the patents-in-suit is a specific factual allegation further supporting Defendants' knowledge of the patent – as is the allegation discussed in the paragraph below. The Court cannot say at this stage that these well-pleaded factual allegations do not plausibly allege Defendants' knowledge. Hence, the Court finds no error in Judge Burke's conclusion. *Investpic, LLC v. FactSet Research Sys., Inc.*, 2011 WL 4591078, at *2 (D. Del. Sept. 30, 2011).

3. Defendants argue that the Report mischaracterizes some of Plaintiff's factual allegations about the patentee's citations to the '239 patent, and further argue that, as a consequence, the Report improperly concludes that these allegations support a finding of plausibility. While the Court agrees with Defendants that the Report misstated the number of times Defendants cited to siblings of the '239 patent in their own applications, this error is immaterial in light of all that is alleged, including the allegations discussed in the paragraph above.

4. Defendants argue that the Report erred in finding that the complaint sufficiently alleged Defendants' knowledge of and specific intent to induce infringement. The Court disagrees, for the reasons outlined in the Report. (D.I. 40 at ¶¶ 10-12)

March 31, 2016  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

3