IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-cv-01430-LPS-CJB |
| v. | ) ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG SEMICONDUCTOR, INC., a California corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) | |
| ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 14-cv-01431-LPS-CJB |
| v. | ) ) ) | **Jury Trial Demanded** |
| MICRON TECHNOLOGY, INC., a Delaware corporation, MICRON SEMICONDUCTOR PRODUCTS, INC., an Idaho corporation, and MICRON CONSUMER PRODUCTS GROUP, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company,<br><br>      Plaintiff,<br><br> v.<br><br>SK HYNIX INC., a Korean corporation, SK HYNIX AMERICA INC., a California corporation, HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., a California corporation, and SK HYNIX MEMORY SOLUTIONS INC., a Delaware corporation,<br><br>      Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 14-cv-01432-LPS-CJB<br>)<br>)<br>) **Jury Trial Demanded**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] SUPPLEMENTAL SCHEDULING ORDER

This **20th** day of **April**, 2016, the Court having conducted a Case Management Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on May 18, 2015, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

   IT IS HEREBY ORDERED that:

  1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information

("ESI") (which is posted at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and is incorporated herein by reference).

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.

All motions to join other parties, and to amend or supplement the pleadings shall be filed by April 19, 2016 except that motions to amend to include either allegations of willful infringement or a defense of inequitable conduct may be made up to thirty days after the Court's Claim Construction Order or later if such motions are filed promptly after diligent discovery reveals a basis for such defenses.

3. <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document. Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions to any document must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

4. <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by Paragraph 9(h), and the final pretrial order, which is governed by Paragraph 21, the parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices,

exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

5. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

6. Service By E-Mail. The parties consent to service by email, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E). The parties agree that service on any party by email shall be made on both Delaware and national counsel of that party by no later than 6:00 p.m. ET. The parties also agree that, for purposes of computing deadlines for responses to discovery requests when such deadlines are triggered by service of a document, the additional three days for non-personal service provided by Local Rule 6(d) shall not apply. For responses to pleadings, when such deadlines are triggered by service of a document, the additional three days for non-personal service provided by Local Rule 6(d) shall apply.

7. Disclosures. Absent agreement among the Plaintiff and Defendants,[1] and approval of the Court:

a. By April 29, 2016, Plaintiff shall identify the accused products of Samsung, including accused methods and systems, relative to U.S. Patent No. 8,791,581 ("'581 Patent"), as well as the form of damages it is seeking from Samsung for the '581 Patent.

---

[1] Plaintiff Elm 3DS Innovations, LLC, has filed three patent-infringement actions in front of this Court: (1) 14-cv-1430-LPS-CJB against Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Austin Semiconductor, LLC, (collectively "Samsung"); (2) 14-cv-1431-LPS-CJB against Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Consumer Products Group, Inc., (collectively "Micron"); and (3) 14-cv-1432-LPS-CJB against SK hynix Inc., SK hynix America Inc., Hynix Semiconductor Manufacturing America Inc., and SK hynix Memory Solutions Inc. (collectively "SK hynix"). As used in this Order, "Plaintiff" shall mean Elm 3DS Innovations, LLC. "Defendant" singular or "each Defendant" shall refer to Samsung, Micron, or SK hynix individually. "Defendants" plural and "all Defendants" shall refer to the defendants in all three actions collectively. The term "side" shall refer either to Plaintiff or to all three Defendants acting collectively.

4

b.	By June 10, 2016, Samsung shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Samsung shall also produce sales figures for the accused product(s).

c.	By July 10, 2016, Plaintiff shall produce its Initial Infringement Contentions for U.S. Patent No. 8,791,581 ("'581 Patent") relating each known accused product of Samsung to the asserted claims each such product allegedly infringes.

d.	By August 9, 2016, Samsung shall produce its Initial Invalidity Contentions for each asserted claim of the '581 Patent as well as the known related invaliding references.

e.	By sixty days after the Court's Claim Construction Order, Plaintiff shall elect no more than 36 total claims to assert against Defendants, and shall provide Final Infringement Contentions relating each accused or representative product, as governed by agreement of the parties and Court order, to the asserted claims each such product allegedly infringes.

f.	By sixty days after the Court's Claim Construction Order, Defendants shall elect no more than a total of 36 prior art references on which to base their prior art invalidity defense, and shall provide Final Invalidity Contentions. Where there are multiple references identified that describe a single prior art product or device, those multiple references shall be considered one reference for purposes of any limitation imposed by this section.

8.	Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. <u>Discovery Cut Off</u>. Discovery in this case, except discovery related to experts, shall be initiated so that it will be completed on or before fifty-six days after the Court's Claim Construction Order.

b. <u>Document Production</u>. Document production shall be substantially complete by the Court's Claim Construction Hearing.

c. <u>Privilege Logs</u>. The parties must exchange privilege logs by the deadline for document production. The parties agree that privileged documents created after November 21, 2014, the date the Complaints were filed in these cases, need not be logged.

d. <u>Requests for Admission (RFAs)</u>.
Plaintiff is limited to 25 RFAs common to all three Defendants and 25 RFAs specific to each Defendant. Defendants are limited to 25 RFAs they will jointly serve on Plaintiff and 25 RFAs each Defendant may individually serve on Plaintiff. This limitation is not inclusive of requests for admission related to the authenticity or admissibility of documents or other evidence, and such requests shall be specifically so identified.

e. <u>Interrogatories</u>.

   i. Plaintiff is limited to 15 interrogatories common to all defendants, 15 interrogatories that they have specific to each Defendant. Defendants are limited to 15 interrogatories that they have asserted jointly on Plaintiff and each Defendant will serve up to 15 interrogatories individually on Plaintiff. These limits include contention interrogatories.

   ii. <u>Contention Interrogatories</u>:

   The parties shall respond to contention interrogatories by 21 days after entry of the Court's Claim Construction Order.

 f. Depositions.

  i. Limitation on Hours for Deposition Discovery.

   Absent agreement of the parties or Court order upon a showing of good cause, the following limitations shall apply: Plaintiff is limited to a total of 225 hours (75 hours for each Defendant) of taking testimony of party fact witnesses by deposition upon oral examination, excluding depositions of expert witnesses. Each Defendant is limited to fifty hours of taking testimony of party fact witnesses by deposition upon oral examination, excluding depositions of expert witnesses. The time limits under this Paragraph do not include the inventor deposition covered under Paragraph 9(f)(ii), or third-party depositions taken pursuant to Federal Rule of Civil Procedure 45. The time limitations set forth in Federal Rule of Civil Procedure Rule 30(d)(1) shall apply, except where an individual is presented for a deposition pursuant to Rule 30(b)(6), in which case a deposition may continue for multiple days, subject to the seven hour per day limit.

  ii. Inventor Deposition.

   The deposition of inventor Glenn J. Leedy shall be limited to 30 hours, not including 30(b)(6) topics, to be used as Defendants wish. In the event Mr. Leedy is designated for 30(b)(6) topics, the parties will meet and confer to set an

        appropriate time for additional deposition based on the scope of the designations.

    iii. <u>Location of Depositions</u>.

        Upon notice from the party taking a deposition, all witnesses will be made available at a location of deponent's counsel's choosing, within twenty-eight days from the date notice is received. The parties may agree on an alternative location.

g.   <u>Disclosure of Expert Testimony</u>.

    i.   <u>Expert Reports</u>. Except for expert testimony related to claim construction as governed by Paragraph 13, for the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before forty-five days after the Defendants' Final Invalidity Contentions. Responsive expert reports to contradict or rebut evidence on the same matter identified by another party are due on or before forty-five days after the initial 26(a)(2) disclosure of expert testimony. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery shall be completed on or before fifty-six days after service of the responsive expert reports.

    ii.   <u>Expert Report Supplementation</u>. The parties agree that they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions), but no

     such declaration shall contain material that is not included in the expert reports disclosed under Paragraph 9(g)(i).

 iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

 iv. <u>Expert Discovery Limitations</u>.

   Expert discovery will be limited and exclude the following four categories of documents and things: (1) drafts of expert reports and expert declarations under Federal Rule of Civil Procedure 26(b)(4)(B); (2) written communications between a testifying expert witness and the parties' attorneys before and in connection with preparation of expert reports and expert declarations under Federal Rule of Civil Procedure 26(b)(4)(C); (3) documents or things reviewed by a testifying expert witness but not relied upon by the witness to draft the witness's expert report under Federal Rule of Civil Procedure 26(a)(2)(B); and (4) drafts of demonstrative exhibits prepared by or with the participation of experts under Federal Rule of Civil Procedure 26(b)(4)(B).

h. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts— including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Stark:
>
> The parties in the above- referenced matter write to request the scheduling of a discovery teleconference. The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii. Not less than 48 hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position

10

          on those issues. On a date to be set by separate order, but generally not less than 24 hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

    iv.    Each party shall submit two courtesy copies of its discovery letter and any attachments.

    v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend</u>.

    a.    Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b.    Within seven days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

    c.    Within three days thereafter, the moving party may file a reply letter, not to exceed two pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.    <u>Motions to Strike</u>.

a. Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b. Within seven days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

c. Within three days thereafter, the moving party may file a reply letter, not to exceed two pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11. Status Report - *Inter Partes* Review Proceedings.

By July 27, 2016, the Parties shall submit a status report regarding the status of institution decisions that have issued by the U.S. Patent Trial and Appeal Board ("PTAB") in the pending *inter partes* review proceedings.[2]

12. Tutorial Describing the Technology and Matters in Issue. The parties shall provide the Court with an in-person tutorial on the technology at issue. The tutorial shall take place not less than seven days before the Claim Construction Hearing. The tutorial should focus on the technology in issue and should not be used for argument. If [handwritten annotation: CJB — if the Court, in its discretion, determines that an in-person tutorial would be useful.]

---

[2] Defendants: PTAB will issue institution decisions for IPR petitions for 8 of the 13 patents-in-suit by or around the following dates: (1) IPR2016-00389 of U.S. Patent No. 8,035,233, July 4, 2016; (2) IPR2016-00391 of U.S. Patent No. 8,796,862, July 4, 2016; (3) IPR2016-00387 of U.S. Patent No. 8,841,778, July 5, 2016; (4) IPR2016-00394 of U.S. Patent No. 8,410,617, July 5, 2016; (5) IPR2016-00386 of U.S. Patent No. 8,653,672, July 6, 2016; (6) IPR2016-00390 of U.S. Patent No. 8,629,542, July 6, 2016; (7) IPR2016-00395 of U.S. Patent No. 7,504,732, July 6, 2016; and (8) IPR2016-00388 of U.S. Patent No. 7,193,239, July 7, 2016; (9) IPR2016-00393 of U.S. Patent No. 7,193,239, July 20, 2016.

the Court is unable to schedule an in-person tutorial on the technology in advance of the Claim Construction Hearing, then the sides shall provide the Court, on the same date that opening Claim Construction briefs are due, a tutorial in the form of a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The sides may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each side may comment, in writing (in no more than five (5) pages) on the opposing side's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the sides should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

    13.    <u>Claim Construction Issue Identification</u>.

On August 23, 2016, the sides shall exchange Initial Claim Construction Charts in the form of a list of those claim terms or phrases that they believe need construction. This document will not be filed with the Court. On September 6, 2016, the sides will exchange initial proposed constructions for the terms set forth in the Initial Chart. Thereafter, the sides will meet and confer to prepare a Joint Claim Construction Chart to be submitted on September 20, 2016. The sides' Joint Claim Construction Chart should identify for the Court the terms or phrases of the claims in issue, and should include each side's proposed construction of the disputed claim language with citations only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patents in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the sides shall not provide argument.

The sides shall separately exchange, on September 20, 2016, in a document not filed with the Court, an identification of the extrinsic evidence that the sides intend to rely on to support or oppose a proposed claim construction, including expert evidence.

With respect to any witness a side intends to rely on, percipient or expert, the sides shall also provide a brief description of the substance of that witness's proposed testimony and provide a copy of any opinion, report, or declaration that the side intends to submit with its claim construction briefing.

14. <u>Claim Construction Briefing</u>.

Each side shall contemporaneously submit Initial Briefs on claim construction issues on October 18, 2016. Each side shall contemporaneously submit answering/responsive briefs on November 2, 2016. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

15. <u>Hearing on Claim Construction</u>.[3] On __February 27, 2017__ at __9:00 a.m.__, the Court will hear argument on claim construction. The sides shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its Claim Construction Order within sixty days of the conclusion of the Claim Construction Hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the Claim Construction Hearing.

16. <u>Interim Status Report</u>. On __November 28, 2016__, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in

---

[3] Defendants: Provided the case is not stayed pending IPR.

14

issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

17. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than the service of Plaintiff's Final Infringement Contentions and Defendants' Final Invalidity Contentions, the parties must make final supplement to, *inter alia,* the identification of all accused products and of all invalidity references. Supplementation shall be limited to products and references that the supplementing party could not have discovered through reasonable due diligence at the time it served its initial contentions.

18. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before twenty-eight days after the close of Expert Discovery. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

    a.     <u>No early motions without leave</u>. No case dispositive motion under Federal Rule of Civil Procedure 56 may be filed more than ten days before the above date without leave of the Court.

    b.     <u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased, exclusive of exhibits, to 50 pages for all

15

opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[4]

    c.    Hearing. The Court will hear argument on all pending case dispositive and *Daubert* motions on __February 6, 2018__ at __9:00 a.m.__. Subject to further order of the Court, each side will be allocated a total of 45 minutes to present its argument on all pending motions.

19.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

20.    Trial Sequencing Conference. On __April 6, 2018__, beginning at __1:30 p.m.__; the Court will hold a Rule 16 conference to discuss the sequence in which the above-captioned cases shall be scheduled for trial. The parties shall file a joint proposed statement setting forth their positions regarding trial sequencing and scheduling no later than 6:00 p.m. on the third business day before the date of the Conference.

21.    Pretrial Conference.

On __June 8, 2018__ the Court will hold a first pretrial conference in Court with counsel beginning at __9:00 a.m.__. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order – Patent, which can be found on the Court's website (www.ded.uscourts.gov), within fourteen days from the pretrial scheduling

---

[4] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

16

conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

**Joint Proposal:** The parties shall each provide the Court two courtesy copies of the proposed final pretrial order and all attachments for each trial to be scheduled.

As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their joint proposed final pretrial order, among other things:

a. <u>a request for a specific number of *hours* for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

c. <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

17

        d.      their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

22.    Motions *in Limine*.

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each *SIDE* shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

23.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties to each separate trial should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

24.    Trial. These matters are scheduled for a first jury trial for

_July 9, 2018 @ 9:00 a.m._ by the Court, a second jury trial for dates and times to be determined by the Court, and a third jury trial for dates and times to be determined by the Court. Until each case is submitted to the jury for deliberations, each jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

25. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven days after each jury returns a verdict in any portion of a jury trial, the parties to that trial shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties to that trial shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

26. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, each *party* to a given trial is limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

SO ORDERED, this _20th_ day of _April_, 2016.

_Christopher J. Burke_
HON. CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE