# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC,<br>    Plaintiff,<br>  v.<br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br>    Defendants. | C.A. No. 14-cv-1430-LPS<br><br>JURY TRIAL DEMANDED |
| ELM 3DS INNOVATIONS, LLC,<br>    Plaintiff,<br>  v.<br>MICRON TECHNOLOGY, INC., et al.,<br>    Defendants. | C.A. No. 14-cv-1431-LPS<br><br>JURY TRIAL DEMANDED |
| ELM 3DS INNOVATIONS, LLC,<br>    Plaintiff,<br>  v.<br>SK HYNIX INC., et al.,<br>    Defendants. | C.A. No. 14-cv-1432-LPS<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS
## MOTION TO LIFT THE STAY FOLLOWING *INTER PARTES* REVIEW

Dated: November 13, 2017

Adam K. Mortara (admitted *pro hac vice*)
Matthew R. Ford (admitted *pro hac vice*)
BARTLIT BECK HERMAN
 PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel: (312) 494-4400
adam.mortara@bartlit-beck.com
matthew.ford@bartlit-beck.com

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

John M. Hughes (admitted *pro hac vice*)
Katherine L.I. Hacker (admitted *pro hac vice*)
BARTLIT BECK HERMAN
 PALENCHAR & SCOTT LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
john.hughes@bartlit-beck.com
kat.hacker@bartlit-beck.com
*Counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS................................ 1

SUMMARY OF THE ARGUMENT ............................................................................................. 2

STATEMENT OF FACTS ............................................................................................................. 3

I.   The Court Stayed this Case "Pending Further Proceedings Before the Patent Trial and Appeal Board" ......................................................................................................... 3

II.  The PTAB Proceedings Have Concluded, and Elm Won on Twelve of the Patents-In-Suit .......................................................................................................................... 5

ARGUMENT .................................................................................................................................. 5

I.   The Stay Pending Proceedings Before the Patent Trial and Appeals Board Expired When the Board Issued Its Final Written Decisions ............................................. 6

II.  The Patent Trial and Appeals Board Has Simplified the Issues in These Cases and No Further Simplification Is Likely ........................................................................... 6

III. Continued Delay Will Prejudice Elm ................................................................................ 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*CIMA Labs Inc. v. Mylan Pharm., Inc.*,
  No. C.A. No. 10-625-LPS, 2014 WL 1233710 (D. Del. Mar. 21, 2014) .................................... 5

*Grobler v. Apple Inc.*,
  No. 12-CV-01534-JST, 2013 WL 6441502 (N.D. Cal. Dec. 8, 2013) ................................... 5, 6

*Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*,
  No. 6:11CV492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) ............................................ 8, 9

*Pers. Audio LLC v. Google, Inc.*,
  230 F. Supp. 3d 623 (E.D. Tex. 2017) ............................................................................ 7, 8, 9

*Qualtrics, LLC v. OpinionLab, Inc.*,
  679 F. App'x 1016 (Fed. Cir. 2017) ...................................................................................... 7

*Rohm & Haas Co. v. Brotech Corp.*,
  No. 90-109 (RRM), 1992 WL 313099 (D. Del. July 16, 1992) .................................................. 5

*Zoll Med. Corp. v. Respironics, Inc.*,
  C.A. No. 12-1778-LPS, 2015 WL 4126741 (D. Del. July 8, 2015) ................................... 7, 8, 9

**Statutes**

35 U.S.C. § 312(c) ................................................................................................................ 6

35 U.S.C. § 315(e) ................................................................................................................ 6

# INTRODUCTION

Plaintiff Elm 3DS Innovations, LLC filed this patent case in November 2014. The Court stayed this case thirteen months ago "pending further proceedings before the Patent Trial and Appeals Board." (10/12/2016 Min. Order.) Those proceedings have ended. The PTAB rejected all the Defendants' invalidity arguments for eleven of the patents-in-suit and refused to institute an IPR on a twelfth patent. Elm now moves the Court to lift the stay.

The Defendants justified the stay by arguing that it could simplify these proceedings. The PTAB has done so by rejecting the Defendants' invalidity defenses and rejecting the Defendants' proposed claim constructions. The Defendants are appealing the PTAB's decisions. But that appeal is unlikely to simplify this case any further. Therefore, nothing warrants continuing the stay during the pendency of that appeal, as several district courts have held in similar circumstances.

In addition, continuing the stay will prejudice Elm. Since the IPRs have been instituted, ten of the thirteen patents have expired and the sole inventor unexpectedly passed away. Each passing day further ages the evidence relevant to the remaining issues in this case and diminishes Elm's ability to enforce its patent rights.

Elm, therefore, respectfully requests that the Court lift the stay and order the parties to submit a Proposed Scheduling Order.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Elm filed its initial Complaints on November 21, 2014. (14-1430 at D.I. 1; 14-1431 at D.I. 1; 14-1432 at D.I. 1.) After the Patent and Trademark Office issued additional patents to Elm, Elm served First Amended Complaints on all Defendants on March 27, 2015. (14-1430 at D.I. 18; 14-1431 at D.I. 17; 14-1432 at D.I. 13.) Following Samsung's announcement of its new

1

HBM2 memory product, Elm served a First Supplemental Complaint on Samsung, on April 20, 2016. (14-1430 at D.I. 109.) The operative complaints in these cases assert the same thirteen patents against all three Defendants.

After these pleadings were filed and as the parties were beginning discovery, the Court stayed the case on October 12, 2016. Since then, the parties have completed proceedings before the PTAB. The PTAB rejected all the Defendants' invalidity arguments for eleven of the patents in this case. (*E.g.*, Ex. 1, IPR2016-00386-88 Final Written Decision at 77, 84–85, 105–07, 122–23, (June 23, 2017).) On three separate occasions, the PTAB refused to institute an IPR for a twelfth patent. (*See* Ex. 2, PTAB Denial of Institution, IPR2017-01305 at 3 (Oct. 17, 2017).) Finally, the PTAB found that two claims of the remaining patent were unpatentable. (*See* Ex. 3, IPR2016-00389 Final Written Decision at 54–55 (June 23, 2017).) The Defendants have appealed the PTAB's decisions.

## SUMMARY OF THE ARGUMENT

1. This matter was stayed while the Defendants pursued *inter partes* review before the PTAB. By its own terms, the stay has expired. And the PTAB's rejection of almost all the Defendants' arguments has changed the circumstances that prompted the stay in the first place.

2. A continued stay is unlikely to simplify the issues in this case. IPRs simplify cases through estoppel, but that estoppel has already resulted from the final written decisions rejecting the Defendants' invalidity arguments. The Defendants have appealed, but the Federal Circuit is unlikely to reverse. Therefore, the appeal does not justify an additional year-long delay in this lawsuit.

3. A continued stay prejudices Elm. A patentee has the right to timely enforce its patent rights. Elm filed its complaint three years ago, and the case has been stalled for more than

a year now. Many of Elm's patents have expired, and the sole inventor has died. Continued delay undermines Elm's right to enforce its patents through a full adjudication on the merits.

4. A continued stay gives the Defendants an unfair advantage. A delay in any adverse ruling almost always constitutes a tactical advantage for a defendant. That advantage is compounded where the Defendants' financial resources dwarf those of the patentee. And allowing a continued stay during the appeal subverts the promised efficiency of IPR proceedings by delaying a case involving valid patents well past resolution of the IPR.

## STATEMENT OF FACTS

I. **The Court Stayed this Case "Pending Further Proceedings Before the Patent Trial and Appeal Board"**

Elm filed its complaints in these matters nearly three years ago on November 21, 2014. (D.I. 1, Compl. (Nov. 21, 2014).)[1] Elm has asserted thirteen patents against Samsung, Micron, and SK hynix. (D.I. 109, 1st Suppl. Compl. ¶ 1(a)-(m) (Apr. 20, 2016).) These patents are the life's work of their sole inventor, Glenn Leedy, who unexpectedly passed away in July 2017.

The patents cover the design and manufacture of three-dimensional integrated circuits, such as the memory, processors, or image sensors that power much of today's computer electronics. (*Id.* ¶¶ 2, 12.) Mr. Leedy's design makes computers faster with more available memory at a lower manufacturing cost. Elm alleges that many of the Defendants' products infringe these patents. (*Id.*)

Prior to the stay, these cases had arrived at the doorstep of fact discovery. The parties had submitted a Proposed Scheduling Order. Elm had served discovery on the Defendants, including interrogatories, document requests, and deposition notices. (D.I. 80, F. Cottrell Letter to Hon. C.

---

[1] Citations to "D.I." refer to the docket in *Elm 3DS Innovations LLC v. Samsung Elecs. Co., et al.*, Case No. 1:14-cv-01430-LPS. Elm will indicate when it refers to the dockets for either the Micron or SK hynix cases.

Burke (Jan. 15, 2016).) In an effort to simplify the litigation, Elm had reached agreement as to the number of representative products with two Defendants and had limited the number of asserted claims. And although discovery had not commenced in earnest, the Defendants had produced some core technical documents. In addition, Elm had served over 1,500 pages of infringement charts.

After filing their petitions for IPR but prior to institution, the Defendants moved to stay this litigation. (D.I. 108, Defs. Br. ISO Mot. to Stay (Apr. 20, 2016).) The Defendants justified the stay on the grounds that full discovery had not yet commenced and that the IPRs would simplify the issues. (*Id.* at 3–4.) The Defendants focused on the claimed efficiency benefits from the IPR proceedings themselves, not resolution after an appeal. Thus, they argued that "even in the extremely unlikely scenario where all claims survive, a stay would still simplify issues for trial because the IPRs would resolve at least some of Defendants' invalidity defenses, and the PTAB would provide helpful guidance on claim construction." (*Id.* at 12.) Likewise, the Defendants argued that the length of the stay would be short given that the "IPRs will likely be instituted and will conclude between July and October 2017," a calculation based on "the time to IPR decision . . . , not the time to an appellate decision." (D.I. 129, Reply ISO Mot. to Stay at 8 (May 19, 2016).)

Elm opposed the motion because of the prejudice and tactical disadvantages imposed by delay, including fading memories, delaying the enforcement of Elm's patent rights, and adding costs. (D.I. 125, Pl. Opp'n to Mot. to Stay at 17–18 (May 16, 2016).) But after the PTAB instituted IPRs on most of the asserted patents, Elm agreed to stay the cases during the IPR proceedings. The Court then stayed this litigation on October 12, 2016 "pending further proceedings before the Patent Trial and Appeal Board." (Oral Order (Oct. 12, 2016).)

II. **The PTAB Proceedings Have Concluded, and Elm Won on Twelve of the Patents-In-Suit**

The IPR proceedings are now complete, and the overwhelming majority of Elm's patent claims survived. Of the thirteen patents asserted here, the PTAB confirmed the patentability of eleven patents and refused (three times) to institute IPR proceedings for a twelfth. Just as the Defendants argued when moving for a stay, the PTAB has "simplif[ied] issues" for trial. It rejected the Defendants' invalidity defenses and proposed claim constructions for almost all of the patents-in-suit. (*E.g.*, Ex. 1, IPR2016-00386-88 Final Written Decision at 77, 84–85, 105–07, 122–23, (June 23, 2017).)

After receiving the IPR decisions, Elm engaged and substituted in new counsel. (D.I. 159, Notice of Substitution of Counsel (Nov. 6, 2017).) The day after the Court granted Elm's new counsel's *pro hac vice* motion, Elm contacted Defendants' counsel informing them that Elm intended to move to lift the stay and seeking to meet and confer. (Ex. 4, Email from B. Farnan (Nov. 7, 2017).) Defendants did not agree.

**ARGUMENT**

Courts have the inherent authority "to stay an action pending the resolution of a post-grant proceeding such as IPR." *Grobler v. Apple Inc.*, No. 12-CV-01534-JST, 2013 WL 6441502, at *2 (N.D. Cal. Dec. 8, 2013). The Court also retains ongoing authority to "determine whether maintaining the stay is appropriate" given the changing circumstances of a case. *Rohm & Haas Co. v. Brotech Corp.*, No. 90-109 (RRM), 1992 WL 313099, at *3 (D. Del. July 16, 1992). In either event, "[t]he factors courts typically consider in deciding how to exercise this discretion are: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *CIMA Labs Inc. v.*

5

*Mylan Pharm., Inc.*, No. C.A. No. 10-625-LPS, 2014 WL 1233710, at *1 (D. Del. Mar. 21, 2014) (Stark, J.).

The stay has expired now that the PTAB has issued final written decisions. And even if the stay has not expired on its own, then the first and third factors justify lifting the stay.

I. **The Stay Pending Proceedings Before the Patent Trial and Appeals Board Expired When the Board Issued Its Final Written Decisions**

The Defendants only sought a "stay pending the completion of the IPR proceeding." (D.I. 108, Defs. Br. ISO Mot. to Stay at 20 (Apr. 20, 2016).) When Elm objected that final resolution could take years, Defendants said that the IPRs would be complete "between July and October 2017." (D.I. 129, Defs. Reply ISO Mot. to Stay at 8 (May 19, 2016).) And Defendants dismissed Elm's concerns over additional delay from a "lengthy appellate process" as "merely speculative." (*Id.*) After the PTAB instituted the IPRs, Elm agreed to the Defendants' stay. (D.I. 149, Farnan Letter (July 8, 2016).) So the Court ordered the case "STAYED pending further proceedings before the Patent Trial and Appeals Board." (Oral Order (Oct. 12, 2016).)

The proceedings before the PTAB have concluded, so the stay has expired by its own terms. Even if the Court must act further, the conclusion of the IPRs constitutes a change in circumstances that support lifting the stay. In either event, the case should now proceed and the parties should submit a Proposed Scheduling Order.

II. **The Patent Trial and Appeals Board Has Simplified the Issues in These Cases and No Further Simplification Is Likely**

The Defendants' primary rationale for a stay pending *inter partes* review was the PTAB's simplification of issues for trial. (D.I. 108, Defs. Br. ISO Mot. to Stay at 3 (Apr. 20, 2016).) That simplification has occurred, and the "termination of the IPR has eliminated the likelihood that a stay will simplify the issues in this action" any further. *Grobler*, 2013 WL 6441502, at *3.

The PTAB has issued final written decisions rejecting the Defendants' invalidity arguments. The PTAB has also construed the claim terms that the Defendants wanted construed before proceeding in this Court. (D.I. 108, Defs. Br. ISO Mot. to Stay at 12–13 (Apr. 20, 2016).) The case should now move forward to address infringement issues and what remains of the Defendants' invalidity defenses. *See* 35 U.S.C. § 315(e).

The pendency of the Defendants' appeals does not justify maintaining the stay. For one patent-in-suit, 8,791,581, the PTAB has exercised its discretion to deny institution given that the Defendants had tried and failed to institute an IPR twice already. (*See* Ex. 2, PTAB Denial of Institution, IPR2017-01305 at 3 (Oct. 17, 2017).) That decision is not appealable. 35 U.S.C. § 312(c). The '581 Patent has been asserted against all three Defendants and implicates the same or similar accused products and technology as the other patents-in-suit. (*E.g.*, D.I. 109, 1st Suppl. Compl. ¶ 1(m).) The Defendants' appeal will not affect this patent, minimizing the risk that lifting the stay in its entirety will waste resources expended in fact and expert discovery.

As to the patents that are the subject of the appeal, resolving the appeal for those eleven patents will take at least another year or thirteen months, as indicated by the Federal Circuit's Median Disposition Time for 2017. (US Court of Appeals for the Fed. Cir., Median Disposition Time for Cases Decided by Merits Panels 2008-2017, available at http://www.cafc.uscourts.gov/sites/default/files/the-court/statistics/Med_Disp_Time_MERITS_chart.pdf (last visited Nov. 12, 2017).) This year-long delay would be on top of the thirteen months Elm has already waited to move forward from the PTAB proceedings and on top of the two years these cases had been pending before that. *See Zoll Med. Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015) ("Having taken its shot in the USPTO and failed, [the defendants] should not be able to preclude [the plaintiff] from pursuing its claims in this court for

7

an indeterminate period of time."); *see also Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 627 (E.D. Tex. 2017) ("These indeterminate delays that the parties and the court would face if the stay continued weigh against continuing the stay.").

In addition, the scope of the Federal Circuit's review is limited. The Federal Circuit will only reverse the PTAB's decisions if there is a legal error or the factual determinations are not supported by "substantial evidence." *Qualtrics, LLC v. OpinionLab, Inc.*, 679 F. App'x 1016, 1019 (Fed. Cir. 2017). For that reason, it is not surprising that the Federal Circuit's reversals of PTAB findings are uncommon. *See Pers. Audio*, 230 F. Supp. 3d at 629 ("According to the most recent data from the Federal Circuit, between September 2015 and September 2016, the percentage of decisions that it reversed on appeal from the Patent & Trademark Office was a slim 7 percent.").

Even the unlikely scenario where the Federal Circuit reverses the PTAB's decisions does not outweigh Elm's interests in proceeding with its three-year-old infringement claims. As this Court reasoned in *Zoll Medical*, such a theoretical simplification does not in itself justify forcing Elm to continue to wait to enforce its rights:

> The pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds.

*Zoll Med.*, 2015 WL 4126741, at *1; *see also Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11CV492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015) ("The mere *possibility* (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight." (emphasis in original)). And "[e]ven if the result of further appeals does affect the issues litigated

8

here, 'the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold.'" *Pers. Audio*, 230 F. Supp. 3d at 629.

III.     **Continued Delay Will Prejudice Elm**

Continuing the stay of these cases during the pendency of Defendants' appeal would delay Elm's ability to timely enforce its patent rights and would give Defendants an unfair advantage in these cases.

A patent is an exclusionary right, and a stay on the ability to enforce that right to exclude necessarily prejudices the patent holder. The Patent Office has determined that eleven patents Elm seeks to enforce in these cases are valid on two separate occasions: first when issuing them and again when rejecting the Defendants' IPRs. And the PTAB has refused three times to institute an IPR as to another patent. A continued stay prejudices Elm's rights in those patents.

Courts have "repeatedly recognized a plaintiff's interest in timely enforcement of a patent." *Network-1*, 2015 WL 11439060, at *5 (collecting cases); *see also Pers. Audio*, 230 F. Supp. 3d at 627 ("The thirteen-month stay, plus delay that will result from appeals, would unduly deprive [the plaintiff] of timely enforcement of its rights."). This interest is not abstract. Delay imposes evidentiary costs, as shown by the untimely death of the sole inventor here. Delay also diminishes the patent right, which by definition has a limited duration. Ten of the thirteen patents-in-suit expired during this stay. And Elm's ability to receive full payment from the Defendants here says nothing about its ability to enforce its exclusionary rights against others after further adjudication on the merits, which an ongoing delay impedes. Indeed, "the fact that a major corporation [like the Defendants] evidently believes the patent is not enforceable creates a cloud over Plaintiff's ability to license its intellectual property." *Pers. Audio*, 230 F. Supp. 3d at 627.

In addition, Defendants gain an unfair tactical advantage "by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided." *Zoll Med.*, 2015 WL 4126741, at *1. By continuing the stay, Elm would be forced to spend money to defend against the (now diminished) risk of losing its patents. At the same time, however, the Defendants would have no additional risk of infringement of the now expired patents. In addition, continued delay allows the Defendants to use their size advantages over Elm to impose additional costs on Elm without the Defendants having to proceed with this now three-year-old matter. *Network-1*, 2015 WL 11439060, at *5 n.9 ("[C]ontinued extension of the suit may consume [the patentee's] resources, denying it the opportunity that it otherwise might have had to enforce its patents.") (citation and quotation omitted).

Finally, because of these advantages to Defendants from a continued delay, allowing the stay to continue could create perverse incentives. "[R]equiring such delay through exhaustion of appeals could encourage abuse of *inter partes* review [and appeals thereof] as a tool for tactical delay." *Id.* (quotation omitted).

## CONCLUSION

For the foregoing reasons, the Court should lift the stay and order the parties to submit a Proposed Scheduling Order.

| | |
|---|---|
| Dated: November 13, 2017 | Respectfully submitted,<br><br>FARNAN LLP<br><br>/s/ Brian E. Farnan<br>Brian E. Farnan (#4089)<br>Michael J. Farnan (#5165)<br>919 North Market Street<br>12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>Adam K. Mortara (admitted *pro hac vice*)<br>Matthew R. Ford (admitted *pro hac vice*)<br>BARTLIT BECK HERMAN<br> PALENCHAR & SCOTT LLP<br>54 W. Hubbard Street, Suite 300<br>Chicago, IL 60654<br>Tel: (312) 494-4400<br>adam.mortara@bartlit-beck.com<br>matthew.ford@bartlit-beck.com<br><br>John M. Hughes (admitted *pro hac vice*)<br>Katherine L.I. Hacker (admitted *pro hac vice*)<br>BARTLIT BECK HERMAN<br> PALENCHAR & SCOTT LLP<br>1801 Wewatta Street, Suite 1200<br>Denver, CO 80202<br>Tel: (303) 592-3100<br>john.hughes@bartlit-beck.com<br>kat.hacker@bartlit-beck.com<br><br>Counsel for Plaintiff ELM 3DS<br>INNOVATIONS, LLC |