# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELM 3DS INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1430-LPS-CJB |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ELM 3DS INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1431-LPS-CJB |
| | ) | |
| MICRON TECHNOLOGY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ELM 3DS INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1432-LPS-CJB |
| | ) | |
| SK HYNIX INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

At Wilmington, Delaware this **26th day of February, 2018**.

1. On November 13, 2017, Plaintiff Elm 3DS Innovations, LLC ("Plaintiff") filed a motion seeking to lift the stay in these three cases (the "Motion"). (D.I. 160; D.I. 136, Civil

Action No. 14-1431-LPS-CJB; D.I. 163, Civil Action No. 14-1432-LPS-CJB)[1] The stay was in place "pending further proceedings before the [United States Patent and Trademark Office's] Patent Trial and Appeal Board" in light of then-pending *inter partes* review ("IPR") proceedings concerning all but one of the 13 patents-in-suit in this case. (Oral Order, October 12, 2016) Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., Samsung Austin Semiconductor, LLC, Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Consumer Products Group, Inc., SK hynix Inc., SK hynix America Inc., Hynix Semiconductor Manufacturing America, Inc., and SK hynix Memory Solutions Inc. ("Defendants") oppose the Motion. (D.I. 164 at 1) The Motion was fully briefed as of December 11, 2017, (D.I. 166), and was argued telephonically on February 26, 2018.

2. A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985). In determining whether a stay is appropriate in the first instance, our Court typically considers three factors: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, Civil Action Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2015 WL 219019, at *2 (D. Del. Jan. 14, 2015). "When a court has imposed a stay, but 'circumstances have changed such that the court's reasons for imposing [that] stay no longer exist or are inappropriate,' the court also has the inherent power

---

[1] The Motion was filed in all three cases, and for convenience the Court will hereafter cite to documents in Civil Action No. 14-1430-LPS-CJB.

and discretion to lift the stay." *Id.* (quoting *Auto. Techs. Int'l., Inc. v. Am. Honda Motor Co.*, C.A. Nos. 06-187-GMS, 06-391 GMS, 2009 WL 2969566, at *2 (D. Del. Sept. 15, 2009)). "On the other hand, 'where there are no new circumstances that impose hardship on the plaintiff or that change the court's earlier disposition imposing the stay, the plaintiff's motion to lift the stay should be denied.'" *Id.* (quoting *Auto. Techs. Int'l., Inc.*, 2009 WL 2969566, at *2).

3. Here, circumstances have changed from the time of the Court's prior decision to stay this matter. Most significantly, the PTAB has issued Final Written Decisions as to proceedings regarding the claims of 11 of the 13 patents-in-suit; in each of those decisions, the PTAB rejected all of Defendants' unpatentability arguments. (D.I. 161 at 2) As to a 12th patent-in-suit, United States Patent No. 8,791,581 (the "'581 patent"), the PTAB has determined not to institute review at all. (*Id.*) And with regard to the 13th patent-in-suit, the PTAB found that the two remaining asserted claims were unpatentable. (*Id.*) The Final Written Decisions regarding the claims of the 11 patents-in-suit that the PTAB found not unpatentable are currently on appeal to the United States Court of Appeals for the Federal Circuit; Defendants now ask that the Court continue the stay pending resolution of that appeal. (D.I. 164 at 1-2, 19; D.I. 166 at 1)

4. As Plaintiff notes, no matter what happens with the pending appeal, the case will certainly go forward unaffected as to one of the patents-in-suit: the '581 patent, which is not the subject of appellate review. (D.I. 166 at 1)

5. But even as to the 11 patents-in-suit that are the subject of the appeal, the case for a stay no longer makes good sense on simplification grounds, in light of what we now know. As compared to when the stay was issued—at a time when the PTAB had found a "reasonable likelihood" that the claims of these 11 patents would be found unpatentable—now the best data

3

point we have from the PTAB suggests that these claims will survive. While the parties differ on the appropriate metric to look to, all sides agree that the odds of any individual PTAB IPR decision being overturned or vacated by the Federal Circuit on appeal are no greater than 25 percent. (D.I. 161 at 8; D.I. 164 at 15; D.I. 166 at 3) And while it is of course possible that the Federal Circuit will come to a different conclusion than did the PTAB, the "mere *possibility* (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight." *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, CASE NO. 6:11CV492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015) (emphasis in original); *see also Zoll Med. Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015).

6. The Court understands that there are scenarios in which, if the Court lifts the stay now and the Federal Circuit does end up vacating or reversing some portion or all of the PTAB's decisions, that might complicate matters in this case. (*See* D.I. 164 at 14) But those are complications that (if they come to pass) Defendants will have to live with, having taken their best shot at the PTAB and lost.

7. With regard to the issue of undue prejudice, Plaintiff has already suffered from delay in its ability to have it allegations of patent infringement adjudicated in this Court. While it is true that the parties are not competitors, (D.I. 164 at 16-17), continuing the stay in favor of an appeal here (especially where the decisions being appealed favor Plaintiff) would cause Plaintiff some real prejudice. Were the stay to continue through the resolution of the appeal, the parties agree that it is likely that it would not be lifted until late 2018 at the earliest. (D.I. 161 at 7; D.I. 164 at 2-3; D.I. 166 at 6) For a Plaintiff who filed this suit over three years ago, and who saw

4

nearly all of its claims emerge unscathed in the PTAB, that is a long time to be asked to continue to wait. *See Zoll Med. Corp.*, 2015 WL 4126741, at *1.

8. The delay Plaintiff has already faced has also occasioned other real-world consequences, in terms of Plaintiff's ability to present certain evidence at trial. During the pendency of the stay, the sole inventor on the patents-in-suit, Glenn Leedy, unexpectedly passed away. (D.I. 161 at 3) While it is hard to know if further delay would cause additional harm to Plaintiff's case, it should not have to run that risk under these circumstances.

9. The Court recognizes that the Federal Circuit's decision on the pending appeal—particularly its view of the proper claim construction for the disputed term "substantially flexible"—will have import in this case. (D.I. 164 at 7, 11) The parties, in preparing a proposed Scheduling Order, can work to take into account the likely timing of a Federal Circuit appellate decision when fashioning their request for a *Markman* hearing date. *Cf. Zoll Med. Corp.*, 2015 WL 4126741, at *1 n.3; *see also* (D.I. 166 at 5).

10. The Motion is thus GRANTED.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE