# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>       Defendants. | C.A. No. 14-cv-1430-LPS-CJB<br><br>JURY TRIAL DEMANDED |
| ELM 3DS INNOVATIONS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>       Defendants. | C.A. No. 14-cv-1431-LPS-CJB<br><br>JURY TRIAL DEMANDED |
| ELM 3DS INNOVATIONS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>SK HYNIX INC., et al.,<br><br>       Defendants. | C.A. No. 14-cv-1432-LPS-CJB<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF ELM 3DS'S THIRD SET OF COMMON INTERROGATORIES

Under Federal Rules of Civil Procedure 26 and 33, Plaintiff Elm 3DS Innovations, LLC ("Elm 3DS") requests that Defendants answer the following interrogatories in writing, under oath, and serve a copy of the answers upon Bartlit Beck LLP, 1801 Wewatta Street, Suite 1200, Denver, CO 80202 within 30 days of service of these interrogatories. These interrogatories are continuing in nature and must be supplemented or corrected, or both, in a timely manner.

### DEFINITIONS

1.      The term "Elm 3DS" refers to the Plaintiff in these actions and all parents, subsidiaries, affiliates, assignees, predecessors, employees, and agents thereof.

2.      The term "Elm 3DS Patents" refers to the asserted patents in these actions.

3.      The terms "you" and "your" mean the Defendants in these actions and their parents, subsidiaries, divisions, affiliates, predecessors, assignees, successors, and acquired assets of business

units, and any of their present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents, and all other persons acting on their behalf.

4.      The term "Accused Products" means the stacked memory products identified in Elm 3DS's infringement contentions on November 2, November 17, and November 20, 2015, and May 23, 2018, and all products sold by Defendants that include at least one stacked memory product, including but not limited to SSDs, memory modules, USB flash drives, chipsets, and end-user devices.

5.      The terms "Product" and "Products" mean stacked semiconductor products, including but not limited to stacked memory products.

## INSTRUCTIONS

1.      *Lost or Destroyed Documents*: If any document or tangible thing for which identification is requested was formerly in existence or in your possession but no longer exists, or no longer is within your possession, custody or control, your response should state, for each such document or thing: (a) an identification of the document or thing and, if a document, its author and addressee; (b) the date and circumstances of such loss or destruction; and (c) the reason or justification for such loss or destruction.

2.      *Documents for Which a Privilege Is Claimed*: To the extent of any claim that any information or document is privileged or in any other way free from discovery under the Federal Rules of Civil Procedure, you are requested, in lieu of producing said information or document, to produce a description of the information or document sufficient to allow Elm 3DS a specific understanding of the nature of the objection; and if a document, the identification of the author, the date of the document, the addressee(s), the person(s) who received copies of the document, and the general subject matter of the document.

3.    *Ongoing Duty to Supplement*: Pursuant to Federal Rule of Civil Procedure 26(e), you are required to supplement your response to include further information that may become available after the date of your response to these interrogatories.

## INTERROGATORIES

4.    For any Product made or sold by you that contains a semiconductor layer that is 50 microns or less, identify on a worldwide, product-by-product basis the monthly revenue and profit from 2008 through 2018.

5.    For any Product made or sold by you that contains a semiconductor layer that is 50 microns or less, identify on a product-by-product basis the monthly revenue and profit from 2008 through 2018 for Products manufactured, sold, offered for sale, or imported into the United States.

June 24, 2019                                    Respectfully submitted,

                                                 */s/ Michael J. Farnan*
                                                 Brian E. Farnan (#4089)
*s*                                              bfarnan@farnanlaw.com
                                                 Michael J. Farnan (#5165)
                                                 mfarnan@farnanlaw.com
                                                 FARNAN LAW LLP
                                                 919 North Market Street
                                                 12th Floor
                                                 Wilmington, DE 19801
                                                 Tel: (302) 777-0300
                                                 Fax: (302) 777-0301

                                                 Adam K. Mortara (*pro hac vice*)
                                                 adam.mortara@bartlitbeck.com
                                                 Matthew R. Ford (*pro hac vice*)
                                                 matthew.ford@bartlitbeck.com
                                                 BARTLIT BECK LLP
                                                 54 W. Hubbard Street, Suite 300
                                                 Chicago, IL 60654
                                                 Tel: (312) 494-4400
                                                 Fax: (312) 494-4440

                                                 John M. Hughes (*pro hac vice*)
                                                 john.hughes@bartlitbeck.com
                                                 Nosson D. Knobloch (*pro hac vice*)
                                                 nosson.knobloch@bartlitbeck.com
                                                 Katherine L.I. Hacker (*pro hac vice*)
                                                 kat.hacker@bartlitbeck.com
                                                 BARTLIT BECK LLP
                                                 1801 Wewatta Street, Suite 1200
                                                 Denver, CO 80202
                                                 Tel: (303) 592-3100
                                                 Fax: (303) 592-3140

                                                 Counsel for Plaintiff
                                                 ELM 3DS INNOVATIONS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2019, a copy of Elm's Third Set of Common Interrogatories

was served on the following as indicated:

Via E-Mail
Adam W. Poff
Pilar G. Kraman
Gregory J. Brodzik
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com
pkraman@ycst.com
gbrodzik@ycst.com
*Attorneys for Defendants Samsung Electronics
Co., Ltd., Samsung Semiconductor, Inc.,
Samsung Electronics America, Inc., and
Samsung Austin Semiconductor, LLC*

Via E-Mail
Allan M. Soobert
Naveen Modi
Andrew B. Grossman
Raymond W. Stockstill
PAUL HASTINGS LLP
ServicePHSamsung-
ELM3DS@paulhastings.com
*Attorneys for Defendants Samsung
Electronics Co., Ltd., Samsung
Semiconductor, Inc., Samsung Electronics
America, Inc., and Samsung Austin
Semiconductor, LLC*

Via E-Mail
Frederick L. Cottrell, III
Travis S. Hunter
Richards, Layton & Finger, P.A.
920 North King Street
One Rodney Square
Wilmington, DE 19801
ElmMicron-RLF@rlf.com
*Attorneys for Defendants Micron Technology,
Inc., Micron Semiconductor Products, Inc.,
and Micron Consumer Products Group, Inc.*

Via E-Mail
John Kappos
Hana Oh Chen
Brian Cook
Xin-Yi Zhou
O'MELVENY & MYERS LLP
ELM3DS-MICRON-OMM@omm.com
*Attorneys for Defendants Micron
Technology, Inc., Micron Semiconductor
Products, Inc., and Micron Consumer
Products Group, Inc.*

Via E-Mail
Daniel M. Silver
Benjamin A. Smyth
McCarter & English LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801
dsilver@mccarter.com
bsmyth@mccarter.com
*Attorneys for Defendants sk Hynix Inc., sk*

Via E-Mail
Howard L. Chen
Harold H. Davis
K&L GATES LLP
skhynix-elm@klgates.com
*Attorneys for Defendants sk Hynix Inc., sk
Hynix America Inc., Hynix Semiconductor
Manufacturing America Inc., and sk Hynix
Memory Solutions Inc.*

  */s/ Michael J. Farnan*
Michael Farnan

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | C.A. No. 14-cv-1430-LPS<br><br>JURY TRIAL DEMANDED |
| ELM 3DS INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>Defendants. | C.A. No. 14-cv-1431-LPS<br><br>JURY TRIAL DEMANDED |
| ELM 3DS INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SK HYNIX INC., et al.,<br><br>Defendants. | C.A. No. 14-cv-1432-LPS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF ELM 3DS'S COMMON INTERROGATORIES**

Under Federal Rules of Civil Procedure 26 and 33, Plaintiff Elm 3DS Innovations, LLC ("Elm 3DS") requests that Defendants answer the following interrogatories in writing, under oath and serve a copy of the answers upon Bartlit Beck LLP, 1801 Wewatta Street, Suite 1200, Denver, CO 80202 within 30 days of service of these interrogatories. These interrogatories are continuing in nature and must be supplemented or corrected, or both, in a timely manner.

## DEFINITIONS

1.      The term "Elm 3DS" refers to the Plaintiff in these actions and all parents, subsidiaries, affiliates, assignees, predecessors, employees, and agents thereof.

2.      The term "Elm 3DS Patents" refers to the asserted patents in these actions.

3.      The terms "you" and "your" mean the Defendants in these actions and their parents, subsidiaries, divisions, affiliates, predecessors, assignees, successors, and acquired assets of business units, and any of their present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents, and all other persons acting on their behalf.

4.      The term "Accused Products" means the stacked memory products identified in Elm 3DS's infringement contentions on November 2, November 17, and November 20, 2015, as well as any updates or amendments to those contentions, and all products sold by Defendants that include at least one stacked memory product, including but not limited to SSDs, memory modules, USB flash drives, chipsets, and end-user devices.

## INSTRUCTIONS

1.      *Lost or Destroyed Documents*: If any document or tangible thing for which identification is requested was formerly in existence or in your possession but no longer exists, or no longer is within your possession, custody or control, your response should state, for each such document or thing: (a) an identification of the document or thing and, if a document, its author and addressee; (b) the date

1

and circumstances of such loss or destruction; and (c) the reason or justification for such loss or destruction.

2.    *Documents for Which a Privilege Is Claimed*: To the extent of any claim that any information or document is privileged or in any other way free from discovery under the Federal Rules of Civil Procedure, you are requested, in lieu of producing said information or document, to produce a description of the information or document sufficient to allow Elm 3DS a specific understanding of the nature of the objection; and if a document, the identification of the author, the date of the document, the addressee(s), the person(s) who received copies of the document, and the general subject matter of the document.

3.    *Ongoing Duty to Supplement*: Pursuant to Federal Rule of Civil Procedure 26(e), you are required to supplement your response to include further information that may become available after the date of your response to these interrogatories.

## INTERROGATORIES

1.    Describe Your first knowledge of the Elm 3DS Patents, including the circumstances that led to Your first knowledge of the Elm 3DS Patents, the identity of all persons involved in the circumstances that led to Your first knowledge of the Elm 3DS Patents, and any actions taken as a result of that knowledge.

2.    Separately for each Accused Product, disclose on a monthly basis, from the date each Accused Product was first sold through to the present, the following data: (a) the number of Accused Products made, used, sold, or offered for sale in the United States net of any returns; (b) the gross revenues for the Accused Products identified in response to item (a), above; (c) the net revenues for the Accused Products identified in response to item (a), above; (d) the cost of goods sold for the Accused Products identified in response to item (a), above; (e) all other expenses associated with or attributed to the Accused Products identified in response to item (a), above, with the data segregated

by whatever most-detailed classifications You make in Your normal course of business; (f) the location of the sales of the Accused Products identified in response to item (a), above, according to any and all definitions that You track in Your normal course of business (e.g., the country where the Accused Product is at the time of sale, the country where the Accused Product is shipped after sale, and the country where You recognize the revenue), and a description of how You differentiate between U.S. sales and non-U.S. sales for internal or financial reporting purposes; and (g) the identity of all persons who have knowledge related to the information requested in this interrogatory.

Dated: April 30, 2018

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone:    (302) 777–0300
Facsimile:    (302) 777–0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Adam K. Mortara (admitted *pro hac vice*)
Matthew R. Ford (admitted *pro hac vice*)
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel: (312) 494-4400
adam.mortara@bartlit-beck.com
matthew.ford@bartlit-beck.com

John M. Hughes (admitted *pro hac vice*)
Katherine L.I. Hacker (admitted *pro hac vice*)
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
john.hughes@bartlit-beck.com

kat.hacker@bartlit-beck.com

*Attorneys for Elm 3DS Innovations, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served by first class mail on April 30, 2018.


*/s/*_____

Brian Farnan

## CERTIFICATE OF SERVICE

I, Michael J. Farnan, hereby certify that on April 30, 2018, a copy of Plaintiff ELM

3DS's Common Interrogatories was served on the following as indicated:

Via E-Mail
Adam W. Poff
Pilar G. Kraman
Gregory J. Brodzik
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com
pkraman@ycst.com
gbrodzik@ycst.com

*Attorneys for Defendants Samsung Electronics
Co., Ltd., Samsung Semiconductor, Inc.,
Samsung Electronics America, Inc., and
Samsung Austin Semiconductor, LLC*

Via E-Mail
Allan M. Soobert
Naveen Modi
Andrew B. Grossman
Raymond W. Stockstill
PAUL HASTINGS LLP
ServicePHSamsung-
ELM3DS@paulhastings.com

*Attorneys for Defendants Samsung
Electronics Co., Ltd., Samsung
Semiconductor, Inc., Samsung Electronics
America, Inc., and Samsung Austin
Semiconductor, LLC*

Via E-Mail
Frederick L. Cottrell, III
Travis S. Hunter
Richards, Layton & Finger, P.A.
920 North King Street
One Rodney Square
Wilmington, DE 19801
ElmMicron-RLF@rlf.com

*Attorneys for Defendants Micron Technology,
Inc., Micron Semiconductor Products, Inc.,
and Micron Consumer Products Group, Inc.*

Via E-Mail
John Kappos
Hana Oh Chen
Brian Cook
Xin-Yi Zhou
O'MELVENY & MYERS LLP
ELM3DS-MICRON-OMM@omm.com

*Attorneys for Defendants Micron
Technology, Inc., Micron Semiconductor
Products, Inc., and Micron Consumer
Products Group, Inc.*

Via E-Mail
Daniel M. Silver
Benjamin A. Smyth
McCarter & English LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Defendants sk Hynix Inc., sk*

Via E-Mail
Howard L. Chen
Harold H. Davis
K&L GATES LLP
skhynix-elm@klgates.com

*Attorneys for Defendants sk Hynix Inc., sk
Hynix America Inc., Hynix Semiconductor
Manufacturing America Inc., and sk Hynix
Memory Solutions Inc.*

*Hynix America Inc., Hynix Semiconductor Manufacturing America Inc., and sk Hynix Memory Solutions Inc.*

 /s/ Michael J. Farnan
Michael J. Farnan (Bar No. 5165)

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ELM 3DS INNOVATIONS, LLC, | |
| Plaintiff, | C.A. No. 14-cv-1430-LPS-CJB |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD.., et al., | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF ELM 3DS'S FOURTH SET OF INTERROGATORIES TO SAMSUNG**

Under Federal Rules of Civil Procedure 26 and 33, Plaintiff Elm 3DS Innovations, LLC ("Elm 3DS") requests that Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc. and Samsung Austin Semiconductor, LLC (collectively "Samsung"), answer the following interrogatories in writing, under oath, and serve a copy of the answers upon Bartlit Beck LLP, 1801 Wewatta Street, Suite 1200, Denver, CO 80202 within 30 days of service of these interrogatories. These interrogatories are continuing in nature and must be supplemented or corrected, or both, in a timely manner.

**DEFINITIONS**

1.      The term "Elm 3DS" refers to the Plaintiff in these actions and all parents, subsidiaries, affiliates, assignees, predecessors, employees, and agents thereof.

2.      The term "Elm 3DS Patents" refers to the asserted patents in these actions.

3.      The terms "you" and "your" means the Samsung Defendants in these actions and their parents, subsidiaries, divisions, affiliates, predecessors, assignees, successors, and acquired assets of business units, and any of their present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents, and all other persons acting on their behalf.

4.      The term "Accused Products" means the stacked memory products identified in Elm 3DS's infringement contentions on November 2, November 17, and November 20, 2015, and May 23, 2018, and all products sold by Samsung that include at least one stacked memory product,

including but not limited to SSDs, memory modules, USB flash drives, chipsets, and end-user devices.

5.      The terms "Product" and "Products" mean stacked semiconductor products, including but not limited to stacked memory products.

## INSTRUCTIONS

1.      *Lost or Destroyed Documents*: If any document or tangible thing for which identification is requested was formerly in existence or in your possession but no longer exists, or no longer is within your possession, custody or control, your response should state, for each such document or thing: (a) an identification of the document or thing and, if a document, its author and addressee; (b) the date and circumstances of such loss or destruction; and (c) the reason or justification for such loss or destruction.

2.      *Documents for Which a Privilege Is Claimed*: To the extent of any claim that any information or document is privileged or in any other way free from discovery under the Federal Rules of Civil Procedure, you are requested, in lieu of producing said information or document, to produce a description of the information or document sufficient to allow Elm 3DS a specific understanding of the nature of the objection; and if a document, the identification of the author, the date of the document, the addressee(s), the person(s) who received copies of the document, and the general subject matter of the document.

3.      *Ongoing Duty to Supplement*: Pursuant to Federal Rule of Civil Procedure 26(e), you are required to supplement your response to include further information that may become available after the date of your response to these interrogatories.

## INTERROGATORIES

5.    Identify on a product-by-product basis the monthly revenue and profit for any component that you manufacture in or supply from the United States that is incorporated into a Product that contains a semiconductor layer that is 50 microns or less.

Dated: November 5, 2019

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Adam K. Mortara (*pro hac vice*)
adam.mortara@bartlitbeck.com
Matthew R. Ford (*pro hac vice*)
matthew.ford@bartlitbeck.com
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440

John M. Hughes (*pro hac vice*)
john.hughes@bartlitbeck.com
Nosson D. Knobloch (*pro hac vice*)
nosson.knobloch@bartlitbeck.com
Katherine L.I. Hacker (*pro hac vice*)
kat.hacker@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140

Counsel for Plaintiff
ELM 3DS INNOVATIONS, LLC

3

## CERTIFICATE OF SERVICE

I, Michael J. Farnan, hereby certify that on November 5, 2019, a copy of Plaintiff Elm

3DS's Fourth Set of Interrogatories to Samsung was served on the following as indicated:


Via E-Mail
Adam W. Poff
Pilar G. Kraman
Gregory J. Brodzik
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com
pkraman@ycst.com
gbrodzik@ycst.com

*Attorneys for Defendants Samsung Electronics
Co., Ltd., Samsung Semiconductor, Inc.,
Samsung Electronics America, Inc., and
Samsung Austin Semiconductor, LLC*

Via E-Mail
Allan M. Soobert
Naveen Modi
Andrew B. Grossman
Raymond W. Stockstill
PAUL HASTINGS LLP
ServicePHSamsung-
ELM3DS@paulhastings.com

*Attorneys for Defendants Samsung
Electronics Co., Ltd., Samsung
Semiconductor, Inc., Samsung Electronics
America, Inc., and Samsung Austin
Semiconductor, LLC*


 /s/ Michael J. Farnan
Michael J. Farnan (Bar No. 5165)

# Exhibit D

| | |
|---|---|
| From: | Nosson Knobloch |
| To: | Mariano, Andrea |
| Cc: | Mailing List - Leedy; "Bfarnan@farnanlaw.com"; "Mfarnan@farnanlaw.com"; ServicePH Samsung-ELM 3DS; apoff@ycst.com |
| Subject: | Samsung Sales Data Discovery Plan |
| Date: | Sunday, December 15, 2019 10:11:45 AM |
| Attachments: | image001.png |

Soyoung and Phillip,

This email memorializes the agreements we reached over the past week regarding the sales data discovery that Samsung has agreed to provide in order to avoid motion practice this week. Please let me know right away if you believe I've missed or misstated anything.

1. By January 10, Samsung will produce all U.S. sales data for all downstream products that include a relevant memory component or a relevant image sensor component made by Samsung.

2. By January 24, Samsung will produce worldwide sales data for all relevant products (including all stacked semiconductor products that include at least one die that is 50 microns or less) regarding which Samsung has conducted sales-related activities in the U.S. Samsung has represented that it is currently investigating the various types of activities that it conducts in the U.S., and has agreed to raise any questions about the specific activities that Elm believes should be included in this inquiry in advance of the January 24 deadline. In addition, Samsung has agreed to the following guidelines:

   a. This production will include all worldwide sales of relevant products to any customer who has ever met with any representative of any Samsung entity in the United States, and all worldwide sales of relevant products to any affiliates of such customers.

   b. This production will include all worldwide sales of relevant products to any customer who has ever received, in the United States, an email, call, or other communication from any Samsung entity.

   c. This production will include all worldwide sales of relevant products where Samsung knows or has reason to believe that the product will be imported into the United States, or incorporated into a product that will later be imported into the United States.

3. By January 10, Samsung will produce worldwide sales data for all relevant image sensor products (and the downstream products incorporating such products) that incorporate die made from wafers that Samsung made in or supplied from the U.S.

4. Samsung indicated that it needed a few more days to investigate what sorts of data it can provide regarding worldwide sales of relevant memory products that incorporate die made from wafers that Samsung made in or supplied from the U.S.  The parties will meet and confer again on Wednesday, December 18, to further discuss this issue.  To the extent that Samsung determines it is able to provide a reliable estimate of such sales, it has agreed to do so by January 31. The parties agreed that an estimate is "reliable" if it meets at least the following two criteria:

   a. It represents an honest effort to estimate the relevant information as accurately as reasonably possible; and

   b. Samsung will not, in any later phase of the case, challenge the reliability of the estimate.

5. On Wednesday, December 18, Samsung will provide an update regarding sales data relating to relevant products (including all stacked semiconductor products that include at least one die that is 50 microns or less) that Samsung acquires from third parties, and then imports, sells, or offers for sale in the United States.  Elm explained that it believes this information is covered by numerous prior discovery requests, including Interrogatory No. 4.  Elm further notes that this information is covered by Common Interrogatory Nos. 2, 4, and 5. Samsung reiterated its objection that this had not previously been the subject of the parties' meet and confers. Elm stressed that it expects Samsung to work expeditiously to supplement its productions with this information.

6. Samsung agreed to investigate its ability to provide information concerning the prices that Samsung entities pay for relevant components incorporated into final downstream products.

Thanks,

-Nosson

BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

From: Mariano, Andrea <andreamariano@paulhastings.com>
Sent: Thursday, December 12, 2019 9:58 PM
To: Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
Cc: Mailing List - Leedy <leedy@bartlit-beck.com>; 'Bfarnan@farnanlaw.com' <Bfarnan@farnanlaw.com>; 'Mfarnan@farnanlaw.com' <Mfarnan@farnanlaw.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-

ELM3DS@paulhastings.com>

**Subject:** Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al., Case No. 14-cv-1430- LPS-CJB

Counsel,

Attached please find correspondence from Samsung regarding discovery matters.

Thank you,
Andrea

_____



**Andrea Mariano | Senior Litigation Paralegal**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6224 | Main: +1.213.683.6000 | Fax: +1.213.996.3224 | andreamariano@paulhastings.com | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collect on, privacy and security principles please cl ck HERE. If you have any quest ons, please contact Privacy@paulhastings.com.

# Exhibit E

| From: | Jung, Soyoung |
|---|---|
| To: | Nosson Knobloch |
| Cc: | Mailing List - Leedy; "Bfarnan@farnanlaw.com"; "Mfarnan@farnanlaw.com"; ServicePH Samsung-ELM 3DS; apoff@ycst.com; Ringel, Katherine R. |
| Subject: | RE: Samsung Sales Data Discovery Plan |
| Date: | Friday, December 20, 2019 8:03:43 PM |
| Attachments: | image001.png |

Nosson,

Following up on our meet and confer on Wednesday, we provide the following updates you requested.

First, we have discussed with Samsung its recent data pull that we believe could allow us to estimate responses regarding SAS wafer sales and worldwide sales of memory products containing those wafers. Samsung has clarified certain details to us, and we plan to proceed with our responses as we discussed.

However, Samsung is checking on some of our other questions related to the above and will follow up with us next week. As such, Samsung has not been able to turn to the additional items on third party components and internal pricing that we discussed. We will continue to coordinate with Samsung on these issues to the best of our ability through the upcoming holidays.

Finally, Samsung is in receipt of Elm's request to amend the schedule, but would like to consider it further. We hope to provide Samsung's position next week, but given the holiday, we may not have a response until the following week.

Regards,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Sunday, December 15, 2019 9:12 AM
**To:** Mariano, Andrea <andreamariano@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; 'Bfarnan@farnanlaw.com' <Bfarnan@farnanlaw.com>; 'Mfarnan@farnanlaw.com' <Mfarnan@farnanlaw.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com
**Subject:** [EXT] Samsung Sales Data Discovery Plan

Soyoung and Phillip,

This email memorializes the agreements we reached over the past week regarding the sales data discovery that Samsung has agreed to provide in order to avoid motion practice this week. Please let me know right away if you believe I've missed or misstated anything.

1. By January 10, Samsung will produce all U.S. sales data for all downstream products that include a relevant memory component or a relevant image sensor component made by Samsung.

2. By January 24, Samsung will produce worldwide sales data for all relevant products (including all stacked semiconductor products that include at least one die that is 50 microns or less) regarding which Samsung has conducted sales-related activities in the U.S. Samsung has represented that it is currently investigating the various types of activities that it conducts in the U.S., and has agreed to raise any questions about the

specific activities that Elm believes should be included in this inquiry in advance of the January 24 deadline. In addition, Samsung has agreed to the following guidelines:

    a.  This production will include all worldwide sales of relevant products to any customer who has ever met with any representative of any Samsung entity in the United States, and all worldwide sales of relevant products to any affiliates of such customers.

    b.  This production will include all worldwide sales of relevant products to any customer who has ever received, in the United States, an email, call, or other communication from any Samsung entity.

    c.  This production will include all worldwide sales of relevant products where Samsung knows or has reason to believe that the product will be imported into the United States, or incorporated into a product that will later be imported into the United States.

3. By January 10, Samsung will produce worldwide sales data for all relevant image sensor products (and the downstream products incorporating such products) that incorporate die made from wafers that Samsung made in or supplied from the U.S.

4. Samsung indicated that it needed a few more days to investigate what sorts of data it can provide regarding worldwide sales of relevant memory products that incorporate die made from wafers that Samsung made in or supplied from the U.S. The parties will meet and confer again on Wednesday, December 18, to further discuss this issue. To the extent that Samsung determines it is able to provide a reliable estimate of such sales, it has agreed to do so by January 31. The parties agreed that an estimate is "reliable" if it meets at least the following two criteria:

    a.  It represents an honest effort to estimate the relevant information as accurately as reasonably possible; and

    b.  Samsung will not, in any later phase of the case, challenge the reliability of the estimate.

5. On Wednesday, December 18, Samsung will provide an update regarding sales data relating to relevant products (including all stacked semiconductor products that include at least one die that is 50 microns or less) that Samsung acquires from third parties, and then imports, sells, or offers for sale in the United States. Elm explained that it believes this information is covered by numerous prior discovery requests, including Interrogatory No. 4. Elm further notes that this information is covered by Common Interrogatory Nos. 2, 4, and 5. Samsung reiterated its objection that this had not previously been the subject of the parties' meet and confers. Elm stressed that it expects Samsung to work expeditiously to supplement its productions with this information.

6.  Samsung agreed to investigate its ability to provide information concerning the prices that Samsung entities pay for relevant components incorporated into final downstream products.

Thanks,

-Nosson



BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Mariano, Andrea <andreamariano@paulhastings.com>
**Sent:** Thursday, December 12, 2019 9:58 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; 'Bfarnan@farnanlaw.com' <Bfarnan@farnanlaw.com>; 'Mfarnan@farnanlaw.com' <Mfarnan@farnanlaw.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>
**Subject:** Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al., Case No. 14-cv-1430- LPS-CJB

Counsel,

Attached please find correspondence from Samsung regarding discovery matters.

Thank you,
Andrea

---

**PAUL HASTINGS**

**Andrea Mariano | Senior Litigation Paralegal**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6224 | Main: +1.213.683.6000 | Fax: +1.213.996.3224 | andreamariano@paulhastings.com | www.paulhastings.com

*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collect on, privacy and security principles please cl ck HERE. If you have any quest ons, please contact Privacy@paulhastings.com.

*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collect on, privacy and security principles please cl ck HERE. If you have any quest ons, please contact Privacy@paulhastings.com.

# Exhibit F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 14-1430-LPS-CJB |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG SEMICONDUCTOR, INC., a California corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## SAMSUNG'S OBJECTIONS AND RESPONSES TO ELM 3DS'S FOURTH SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants

Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America,

Inc., and Samsung Austin Semiconductor, LLC (collectively "Samsung") hereby object and

respond to Plaintiff Elm 3DS Innovations, LLC's ("Elm") Fourth Set of Interrogatories, dated

November 5, 2019.

## <u>GENERAL OBJECTIONS</u>

Samsung makes the following general responses and objections ("General Objections")

to each "Definition," "Instruction," and "Interrogatory" propounded in Elm's Fourth Set of

Interrogatories.  These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to individual interrogatories does not waive any of Samsung's General Objections.

1.      Samsung objects to Elm's definition of "Elm 3DS" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes "all parents, subsidiaries, affiliates, assignees, predecessors, employees, and agents thereof."  Samsung further objects to the definition as not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this case.  Samsung further objects to the extent that these terms may include persons or entities that are not parties to this action.

2.      Samsung objects to Elm's definitions of "you" and "your" as overbroad, unduly burdensome, and oppressive to the extent that they include Samsung "and their parents, subsidiaries, divisions, affiliates, predecessors, assignees, successors, and acquired assets of business units, and any of their present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents, and all other persons acting on their behalf."  Samsung will respond, subject to and without waiving all other objections, only as to the named Samsung Defendants: Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC.

3.      Samsung objects to Elm's definition of "Accused Products" on the grounds that the definition is vague, ambiguous, overbroad, and unduly burdensome with respect to its scope and application, particularly to the extent that it seeks to include "all products sold by Samsung that include at least one stacked memory product, including but not limited to SSDs, memory modules, USB flash drives, chipsets, and end-user devices."  Samsung further objects to the definition as not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this

case.  Samsung further objects to the extent that this definition may include products that are not manufactured by a party to this case and/or products that are not imported, sold, or offered for sale in the United States by a party to this case.  To the extent that Samsung provides discovery on such products, Samsung does not concede that such products are relevant or properly included or subject to any remedies in this case.  Moreover, Elm has not reasonably limited the scope of the Accused Products based on any of the claimed features of the patents-in-suit.

4.      Samsung objects to Elm's definitions of "Product" and "Products" on the grounds that the definitions are vague, ambiguous, overbroad, and unduly burdensome with respect to their scope and application, particularly to the extent that they seek to include "stacked semiconductor products, including but not limited to stacked memory products."  Samsung further objects to the definitions as not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this case.  Samsung further objects to the extent that these definitions may include products that are not manufactured by a party to this case and/or products that are not imported, sold, or offered for sale in the United States by a party to this case.  By way of non-limiting example, the definitions provided potentially encompass "stacked semiconductor products" of third parties whose information is not within the possession, custody, or control of the named Samsung defendants.  To the extent that Samsung provides discovery, Samsung does not concede that products potentially falling within the scope of the provided definitions are relevant or properly included or subject to any remedies in this case.

5.      Samsung objects to Elm's Instruction No. 1 because it purports to impose requirements and obligations on Samsung other than as set forth in the Federal Rules of Civil Procedure.

6.      Samsung provides these objections and responses to the best of its current knowledge.  Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses.  Samsung reserves the right to produce

at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Samsung has not presently identified.

7.     By responding to these interrogatories, Samsung does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers.  Samsung's responses are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.

8.     Samsung objects to any interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity.  The inadvertent production by Samsung of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Samsung of such privileges or protections.

9.     Samsung objects generally to the interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties.  Samsung will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information.  To the extent an interrogatory seeks information of a confidential or proprietary nature to Samsung, or to others to whom Samsung is under an obligation of confidentiality, Samsung will respond pursuant to the terms of the protective order entered in this case and subject to notice to third parties, as necessary.

10.    Samsung objects to each interrogatory and to Elm's "Definitions" and "Instructions" to the extent they are vague, ambiguous, overbroad, unduly burdensome, are not proportional to the needs of this case, or purport to impose upon Samsung any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules

-4-

of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

11.     Samsung objects to any interrogatory to the extent it seeks irrelevant information about Samsung's products or business operations, or is not otherwise proportional to the needs of this case.  Such requests are overbroad and unduly burdensome.  Samsung will only produce information that is relevant to the patents-in-suit, or that is otherwise related to the claims or defenses asserted by the parties in this litigation.

12.     Samsung objects to each interrogatory to the extent that it would impose a duty on Samsung to undertake a search for or an evaluation of information, documents, or things for which Elm is equally able to search for and evaluate and/or is not proportional to the needs of this case.  In particular, Samsung objects to each interrogatory to the extent that it seeks information or documents that are publicly available.

13.     Samsung objects to each interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery, is not otherwise proportional to the needs of this case, or that is uniquely in Elm's possession, custody, and control.

14.     Samsung objects to each interrogatory to the extent it would require Samsung to draw a legal conclusion or contention to make a proper response.

15.     Samsung objects to each interrogatory to the extent that it purports to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

16.     In Samsung's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

17.     Samsung objects to each interrogatory to the extent it purports to require Samsung to identify or describe "every," "each," "any," or other similarly expansive, infinite, or all-inclusive terms as overbroad and unduly burdensome.

18.     Samsung objects to Elm's "Definitions," "Instructions" and the interrogatories to the extent they seek information that is not in the possession, custody, or control of Samsung, purport to require Samsung to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Samsung no longer possesses and/or was under no obligation to maintain.

19.     Samsung objects to each interrogatory to the extent it is not limited in time and seeks information for periods of time that are not relevant to any claim or defense and is not otherwise proportional to the needs of this case.

20.     Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they are overbroad, unreasonably burdensome, and/or not proportional to the needs of this case.  In particular, Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they seek irrelevant information about accused products.  By answering, objecting, and otherwise responding to the interrogatories, Samsung does not concede relevance or admissibility, both of which Samsung reserves the right to challenge.

21.     Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they are premature and/or to the extent they: (a) conflict with any schedule entered by the Court; (b) seek information that is the subject of expert testimony; (c) seek information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (d) are dependent on depositions and documents that have not been taken or produced.

22.     Samsung's objections as set forth herein are made without prejudice to Samsung's right to assert any additional or supplemental objections pursuant to Rule 26(e).

23.    Samsung will make, and has made, reasonable efforts to respond to Elm's Fourth Set of Interrogatories, to the extent that no objection is made, as Samsung reasonably understands and interprets each Interrogatory.  If Elm subsequently asserts any interpretation of any interrogatory that differs from the interpretation of Samsung, then Samsung reserves the right to supplement and amend its objections and responses.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to the foregoing qualifications and General Objections and the specific objections made below, Samsung objects and responds to Elm's Fourth Set of Interrogatories as follows:

## INTERROGATORY NO. 5:

Identify on a product-by-product basis the monthly revenue and profit for any component that you manufacture in or supply from the United States that is incorporated into a Product that contains a semiconductor layer that is 50 microns or less.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:

Samsung incorporates by reference the General Objections as if fully set forth herein.  In addition, Samsung objects to this interrogatory to the extent it calls for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, and other applicable privileges or restrictions on discovery.  Samsung further objects to this interrogatory as premature and improperly compound, in an impermissible attempt to circumvent the number of interrogatories permitted under ¶ 7(e) of the Court's Scheduling Order (D.I. 176), and/or to the extent that it seeks "monthly revenue and profit" information about components or products before the parties have resolved the preliminary issue of identifying products that contain a semiconductor layer that has a thickness of 50 microns or less.  Samsung further objects to this interrogatory as overbroad and unduly burdensome to the extent that "[i]dentif[ication] on a product-by-product basis the monthly revenue and profit for any component that you

manufacture in or supply from the United States that is incorporated into a Product that contains a semiconductor layer that is 50 microns or less" may encompass information that is not proportional to the needs of this case. For example, Elm has not reasonably limited the scope of "component" or "Product" into which a "component" is allegedly "incorporated" based on the claimed features of the patents-in-suit. Samsung further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to "[i]dentify," "product-by-product," "basis," "revenue," "profit," "component," "manufacture in or supply from the United States," "incorporated into," "contains," and "a semiconductor layer that is 50 microns or less." These terms are undefined and capable of different interpretations. It therefore requires Samsung to guess as to what Elm meant by the identified terms, and therefore, what information is actually being requested. Samsung further objects to this interrogatory as ambiguous and overbroad to the extent that it is unlimited with respect to time and seeks information for periods of time that are not relevant to any claim or defense and is not otherwise proportional to the needs of this case. In particular, because the patents-in-suit have expired or will expire soon, Samsung objects to this interrogatory to the extent it seeks post-patent expiration data. Samsung further objects to this interrogatory as ambiguous and overbroad to the extent that it is not properly limited with respect to geography. For example, Elm has not reasonably limited the scope of "component" or "Product" to those components that allegedly infringe or contribute to the infringement of one or more asserted claims. Nor has Elm otherwise explained the purported nexus of domestic manufacture and/or supply of a non-infringing component to otherwise wholly foreign activities. Samsung further objects to this interrogatory as being premature because the Court has not yet construed the claims of the patents-in-suit. Samsung objects to this interrogatory to the extent it would require Samsung to draw a legal conclusion or contention to make a proper response. Samsung further objects to this interrogatory to the extent that it is duplicative and seeks information that can be derived or ascertained from documents and things that were produced in discovery and that are in Elm's possession, custody, and control. Samsung further objects to this

-8-

interrogatory to the extent it seeks information not in Samsung's possession, custody, or control. For example, "a Product that contains a semiconductor layer that is 50 microns or less," under Elm's definition of "Product," may encompass a product of a third party whose information is not in Samsung's possession, custody, or control.  Samsung further objects to this interrogatory to the extent it seeks information that Samsung is not permitted to disclose pursuant to confidentiality obligations to, or nondisclosure agreements with, third parties, or pursuant to a privacy right of a third party.  Samsung further objects to this interrogatory to the extent it is not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this case.  Samsung further objects to this interrogatory to the extent it seeks information unrelated to the products or components that are properly accused in this case or are in the proper scope of this case.

Subject to and without waiving the foregoing general and specific objections, and to the extent it understands this interrogatory, Samsung responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Samsung refers Elm to the documents bearing bates numbers SAMSUNG-ELM-000062357 and SAMSUNG-ELM-000062358, as referred to in Samsung's Second Supplemental Objections and Responses to Elm 3DS's Third Set of Common Interrogatories served on November 15, 2019, wherein information responsive to this interrogatory may be found.

Samsung does not keep in the ordinary course of business certain information necessary to respond to aspects of the interrogatory, such as where the individual wafers processed and sold by Samsung Austin Semiconductor, LLC travel downstream, and into which specific products they are incorporated.  As such, Samsung is available to meet and confer with Elm about the scope of this interrogatory and the timing of Samsung's production of relevant data, if any.

Samsung expressly reserves the right to supplement this response following further investigation and/or discovery.

DATED:  December 5, 2019

OF COUNSEL:

Allan M. Soobert
Naveen Modi
Phillip W. Citroën
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (fax)
*ServicePHSamsung-ELM3DS@paulhastings.com*

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam W. Poff
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
*apoff@ycst.com*
*pkraman@ycst.com*

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC*

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on December 5, 2019, I caused a true and correct

copy of the foregoing document to be served on the following counsel of record in the manner

indicated:

**BY E-MAIL**

Joseph J. Farnan, Jr. Esquire
Brian E. Farnan, Esquire
Michael J. Farnan, Esquire
Farnan, LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*farnan@farnanlaw.com*
*bfarnan@farnanlaw.com*
*mfarnan@farnanlaw.com*

Adam K. Mortara, Esquire
Matthew R. Ford, Esquire
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
*adam.mortara@bartlit-beck.com*
*matthew.ford@bartlit-beck.com*

John M. Hughes, Esquire
Katherine L.I. Hacker, Esquire
Nosson D. Knobloch, Esquire
Bartlit Beck Herman Palenchar & Scott LLP
1801 Wewatta, Suite 1200
Denver, CO 80202
*john.hughes@bartlit-beck.com*
*kat.hacker@bartlit-beck.com*
*nosson.knobloch@bartlit-beck.com*
*leedy@bartlit-beck.com*

*Attorneys for Plaintiff*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Adam W. Poff
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
*apoff@ycst.com*
*pkraman@ycst.com*

*Attorneys for Defendants*

# Exhibit G

| | |
|---|---|
| From: | Jung, Soyoung |
| To: | Nosson Knobloch |
| Cc: | Hsieh, Courtney A.; Kat Hacker; Adam Mortara; John Hughes; Matthew Ford; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy; ServicePH Samsung-ELM 3DS; apoff@ycst.com; pkraman@ycst.com |
| Subject: | RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB |
| Date: | Wednesday, January 29, 2020 7:31:21 PM |

Nosson,

We had our call with Samsung tonight.  Samsung is willing to produce all worldwide sales data for the accused products by next Wednesday on the condition that Elm (i) postpones filing any discovery letter with the Court and (ii) agrees to give Samsung the reasonable time it needs to finish collecting the additional data Elm has requested.  Samsung can commit to producing the requested data on transfer prices and memory products containing SAS wafers by Monday, and the correlation data and any sales data for downstream products containing third party components by Feb. 14.

In the meantime, we look forward to reviewing your written responses to our letters of December.  If Elm is willing to work with us on outstanding discovery items, we are willing to extend the same courtesy, and avoid burdening the Court with our disputes at this time.

Please let us know if this compromise is acceptable to Elm.  If it is not, we will provide our edits to the discovery letter in the morning.

Thanks,
Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Wednesday, January 29, 2020 1:41 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

I will open the line at 3pmMT.

BartlitBeck LLP

Nosson D. Knobloch  | p: 303 592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Wednesday, January 29, 2020 2:31 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

Your draft letter to the Court is premature and does not add Defendants' discovery issues.  We can wait until we receive your written response on these issues, or go ahead and discuss today provided that you appreciate that we do not have updates from Samsung to report.

Thanks,
Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Wednesday, January 29, 2020 10:15 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com

**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

We cannot delay this until Friday.  Samsung's delays in complying with its discovery obligations are a key issue that we intend to raise with the Court and, especially in light of the accelerated discovery deadlines you have insisted upon, this needs to be resolved right away.

There is one alternative that we'd like to propose:  In light of your representation that a meet and confer today would be unhelpful, we would be fine filing the attached letter today, and then following up with you on Friday.  If our Friday discussion renders any portion of our request moot, we can always withdraw all or part of the request.

We are working on drafting a written response to your December letters, and expect to have that ready for you today or tomorrow.  We propose you review that letter and then let us know if you'd like to meet and confer from there.  That said, if you'd prefer to just talk through the issues today (or Friday), that's fine with us.

Please let me know how you'd like to proceed.

Finally, you promised last week to provide certain correlation data by "early to mid" week this week.  Are you on track to getting that to us today?

Thanks,

-Nosson

BartlitBeck LLP

Nosson D. Knobloch | p: 303 592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Wednesday, January 29, 2020 10:57 AM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

As noted in my previous email, we do not believe a call would be productive until we have had an opportunity to talk to Samsung.  So, we would still prefer to meet after our call with Samsung tonight. We are happy to talk on Friday if that is better for you.

If you would like to proceed with a call today regardless, we can go forward.  But, please be prepared to address all of the deficiency letters we sent you in December.  Elm has ignored our letters, and we plan to include these disputes in any letter to the Court absent resolution during our call.

Thanks,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Wednesday, January 29, 2020 8:42 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com

**Subject:** [EXT] Re: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

You told me you were available today and we blocked off that time to talk. I am largely tied-up tomorrow, so let's talk today and see where things stand.  In the meantime, please send me any edits to the draft letter I sent you yesterday, so that we can finalize the letter in the event we need to initiate the process of scheduling a discovery conference with the Court.

Thanks,

Nosson

## BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com |1801 Wewatta Street, 12th Floor, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

> On Jan 29, 2020, at 9:24 AM, Jung, Soyoung <soyoungjung@paulhastings.com> wrote:
>
> Nosson,
>
> Due to the Lunar New Year, we have not yet had an opportunity to consult with Samsung regarding this issue.  We are, however, scheduled to speak with Samsung tonight, and would like to move our meet and confer to tomorrow, so that we can get an update from Samsung on the current status of its investigation.
>
> We are happy to talk today as well, if there is something you would like to address.  But we need Samsung's input before we can fully meet and confer.
>
> Please let us know your availability for a call tomorrow (Thursday).
>
> Thanks,
> Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Monday, January 27, 2020 5:18 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com, pkraman@ycst.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

It is clear from your response that Samsung has not kept up its end of the deal.  Accordingly, we intend to file a motion to compel this week.  I'll send you a draft letter to the Court tomorrow, so that we can finalize it during our call on Wednesday.  We are available on Wednesday at 3pmMT. Please circulate a dial-in for that time.

Thanks,

-Nosson

## BartlitBeck LLP

Nosson D. Knobloch | p: 303 592 3122 | c: 773 301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Monday, January 27, 2020 5:01 PM

**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

Samsung has attempted, in good faith, to provide the requested discovery pursuant to the parties' agreement, which was that Samsung would investigate and produce worldwide sales data for the relevant products (e.g., stacked products including at least one die that is 50 microns or less) arising from sales-related activities conducted by any Samsung defendant in the U.S. The spreadsheet that was served on Friday, January 24, includes responsive non-U.S. sales data for Samsung's U.S.-based customers. Samsung is continuing its investigation of additional customers for which there may have been sales-related activities in the U.S., but as of now, has yet to identify any.

We are generally available after 3 PM ET this Wednesday to discuss. Let us know what time works for you.

Thanks,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Friday, January 24, 2020 3:30 PM
**To:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

Your letter that accompanied today's production says that your production includes sales to "Samsung's U.S.-based customers." I've pasted below the relevant language from our agreement, which includes more than just sales to Samsung's US-based customers.

It appears that Samsung has, once again, failed to comply with its commitments under our agreement. Please let me know what time on Monday you and your local counsel are available to meet and confer so that we can determine the appropriate next steps.

Thanks,

-Nosson

1. By January 24, Samsung will produce worldwide sales data for all relevant products (including all stacked semiconductor products that include at least one die that is 50 microns or less) regarding which Samsung has conducted sales-related activities in the U.S. Samsung has represented that it is currently investigating the various types of activities that it conducts in the U.S., and has agreed to raise any questions about the specific activities that Elm believes should be included in this inquiry in advance of the January 24 deadline. In addition, Samsung has agreed to the following guidelines:

    a. This production will include all worldwide sales of relevant products to any customer who has ever met with any representative of any Samsung entity in the United States, and all worldwide sales of relevant products to any affiliates of such customers.

      b. This production will include all worldwide sales of relevant products to any customer who has ever received, in the United States, an email, call, or other communication from any Samsung entity.

      c. This production will include all worldwide sales of relevant products where Samsung knows or has reason to believe that the product will be imported into the United States, or incorporated into a product that will later be imported into the United States.

## BartlitBeck LLP

Nosson D. Knobloch | p: 303 592 3122 | c: 773 301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>
**Sent:** Friday, January 24, 2020 4:19 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Counsel,

Attached please find correspondence regarding the above-referenced matter.  The production referenced therein will follow by secure transfer.

Thank you,
Courtney

&lt;image001.png&gt;   **Courtney Hsieh | Senior Patent Support Specialist**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1906 | Main: +1.202.551.1700 | Fax: +1.202.551.0406 | courtneyhsieh@paulhastings.com | www.paulhastings.com

*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.
*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.
*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.
*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.
*********************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# Exhibit H

| | |
|---|---|
| **From:** | Jung, Soyoung |
| **To:** | Nosson Knobloch; Citroen, Phillip W.; Soobert, Allan M. |
| **Cc:** | Mailing List - Leedy; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com |
| **Subject:** | RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB |
| **Date:** | Tuesday, January 21, 2020 10:46:53 AM |

Nosson,

Samsung's financial data that we produced is clearly in accordance with the parties' agreement. However, many of your questions seeking further information about this data go beyond the scope of our knowledge, the parties' agreement and Elm's original requests. We are not aware of any law obligating a party's counsel to immediately know and communicate answers to new questions, and do not see how our inability to do so reflects a "clear violation" of the parties' agreement. In fact, Elm has the appropriate discovery tools at its disposal and is free, for example, to ask all of your questions in a deposition of a Samsung employee most knowledgeable about the data produced. Therefore, we do not see a basis for the motion that you are now threatening based on your new questions.

In the meantime, we have some responses below, but are still waiting on others. In the spirit of good faith, we can inform you of the following:

- You note that the downstream product sales data is listed by its product numbers, which we believe is appropriate identifying data. You have now asked for additional information correlating these downstream products to component products. We can prepare this data for you separately, but note that this is an entirely new question not stated anywhere in Elm's requests.
- Samsung's spreadsheet ending in 62365 clearly shows net revenues and quantities. Nevertheless, we have received an updated spreadsheet with more specific values for revenue and quantities, and will produce it today.
- Samsung's spreadsheet ending in 62360 is a fully responsive, detailed spreadsheet. You now seek more information about individual data entries. Elm's discovery requests do not ask about individual data entries. ███████████████████████████████████████ ████████████████████████████████ But as Samsung's outside counsel, we should not be expected to know the answers to Elm's granular questions about individual product sales or Samsung's accounting practices. Since we are not equipped to have this kind of discussion with you, Elm should reserve these questions for a deposition.
- You note that the spreadsheets cover different time frames. We can respond that: ███████████████ ████████████ We also note that the data from before 2010 in the spreadsheet ending in 62360 contains legacy sales data of STA (Samsung Telecommunications America), which SEA had acquired. All other spreadsheets with no sales should reflect the fact that there were no sales during those years.

We believe that the above addresses most of your questions, and that we are going above and beyond what would be reasonably expected in our efforts to respond to them. In contrast, you have entirely ignored our deficiency letters from last month and our request for an update on when we can expect Elm to cure the deficiencies. We expect to hear back from Samsung on the last remaining items shortly and will then provide times of our availability. Please be prepared to address our requests as well.

Regards,
Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Tuesday, January 21, 2020 9:21 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W.
<phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com;
bfarnan@farnanlaw.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

I assume from your silence that you are not prepared to meet and confer on these issues today.  Accordingly, we intend to send the Court a letter today seeking a discovery conference.  Can you please confirm, so that we don't waste time drafting an unnecessary letter to the Court?

Thanks,

-Nosson

## BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Friday, January 17, 2020 2:50 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W.
<phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com;
bfarnan@farnanlaw.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

It's disappointing that you're unable to answer even the most basic questions about the data you produced last week.  We believe this is a clear violation of our agreement regarding what you were going to produce on January 10th.

Please let me know what time on Tuesday you and your local counsel are available to meet and confer on these issues.  If you're unable to answer our questions then, we plan immediately move to compel.

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Wednesday, January 15, 2020 6:26 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

We have conveyed your questions to Samsung. We will follow up with our availability once we have answers to your questions.

In addition, we'd like to follow up on our letters of 12/6/19, 12/20/19 and 12/23/19. Please let us know when we can expect supplementation of Elm's production as specified in those letters.

Thanks,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Tuesday, January 14, 2020 7:48 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung and Phillip,

Following-up on the below, please let me know what time this week you and your local counsel are available to meet and confer about the data you produced on Friday. We are concerned that there appear to be some significant holes in the data produced, and are considering raising these issue with the Court.

In addition to the question I raised yesterday, we would like to discuss the following:

- You've said that Samsung 62365 contains Samsung's worldwide sales of image sensor products that include a wafer made by Samsung in the US. Our agreement provided that you would also produce Samsung's worldwide sales of downstream products that include a wafer made by Samsung in the US. Where is that data? Also, Samsung 62365 is very sparse. We'd like to understand what each of the tables in that spreadsheet represents.

- The product codes in 62362 are shorter than the product codes in the other spreadsheets. Why is that? Are the product codes in 62362 less reliable as a result?

- There are numerous products in the 62360 spreadsheet that show significant net quantity and COGs, but no Net Sales. We'd like to understand what those entries mean.

- The various sales spreadsheets you produced cover different time frames. We'd like to understand why that is, and whether there is any data missing from these spreadsheets.

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Monday, January 13, 2020 12:00 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Allan Soobert <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** FW: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung and Phillip,

We received Friday's production, and are working on reviewing it. In the meantime, there is on one issue that immediately jumped out at us: The downstream sales data

appears to be organized entirely based on downstream product numbers/codes.  Can you please let us know how to determine which of the accused product(s) are incorporated into a particular downstream product?

Thanks,

-Nosson

## BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Ringel, Katherine R. <katieringel@paulhastings.com>
**Sent:** Friday, January 10, 2020 5:41 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** servicephsamsung-elm3ds@paulhastings.com; apoff@ycst.com; pkraman@ycst.com
**Subject:** Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Counsel,

Please use the link below to download the following .zip file containing Samsung's production bearing the Bates range SAMSUNG-ELM-000062360–SAMSUNG-ELM-000062365.

Regards,

Katie

---

Katherine R. Ringel | Senior IP Litigation Paralegal
Paul Hastings LLP | 4747 Executive Drive, Twelfth Floor, San Diego, CA 92121 | Direct: +1.858.458.2054 | Main: +1.858.458.3000 | Fax: +1.858.458.5884 | katherineringel@paulhastings.com | www.paulhastings.com

Â

---

**Files attached to this message**

| Filename | Size | Checksum (SHA1) |
|---|---|---|
| 2020- | 726 | 93b1093136bbcc70b942593229e8a09d2278093a8528e1ffd97b96d6b0c28e15 |

01-
10.zip          KB

Click on the following link to download the attachments:
https://phftpus.phextranet.com/message/ij0AYCGYqXPTQ6moE1727S

This message or download link can only be forwarded to internal users of PH Secure File Transfer Service. phftpus.phextranet.com.

The attachments are available until: **Friday, 17 January.**

Message ID: ij0AYCGYqXPTQ6moE1727S

********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please refer to our Global Privacy Statement (available at

********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# Exhibit I

| | |
|---|---|
| From: | Jung, Soyoung |
| To: | Nosson Knobloch; apoff@ycst.com; ServicePH Samsung-ELM 3DS; Soobert, Allan M.; Citroen, Phillip W. |
| Cc: | Mailing List - Leedy; Michael J. Farnan; Brian Farnan |
| Subject: | RE: Draft Letter to Judge Hall |
| Date: | Thursday, February 13, 2020 12:34:56 PM |
| Attachments: | mg_info.txt |

Nosson,

You have now received Samsung's productions of:

1.  worldwide sales for the memory products (SAMSUNG-ELM-000062369);
2.  worldwide sales for the image sensor products (SAMSUNG-ELM-000062370);
3.  transfer prices (SAMSUNG-ELM-0000628);
4.  sales data for downstream products containing third-party components (SAMSUNG-ELM-000062371);
5.  correlations of downstream products to third-party memory/image sensor components (SAMSUNG-ELM-000062372); and
6.  correlations of downstream products to Samsung memory/image sensor products (SAMSUNG-ELM-000062373).

Samsung is currently finalizing the data it has compiled on SAS wafer sales, and we expect to produce this last remaining item to you by Friday or early next week.

These productions moot any need for Elm's motion.  Therefore, please confirm that Elm will withdraw its motion so that the parties can avoid burdening the Court with an entirely unnecessary dispute.

Regards,
Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Thursday, February 6, 2020 2:02 PM
**To:** apoff@ycst.com; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; Jung, Soyoung <soyoungjung@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** [EXT] Draft Letter to Judge Hall

Counsel:

Per Judge Hall's Order, D.I. 247, we've attached a draft letter setting-forth the dates that we are available for a discovery teleconference.  Please let us know if you have any edits to the letter.  And, if any of these dates do not work for you,

please let us know what other dates you're available.

Thanks,

-Nosson

### BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.