# Exhibit 1

**Jung, Soyoung**

| | |
|---|---|
| **From:** | Citroen, Phillip W. |
| **Sent:** | Friday, February 14, 2020 11:47 AM |
| **To:** | Nosson Knobloch; Jung, Soyoung; apoff@ycst.com; ServicePH Samsung-ELM 3DS; Soobert, Allan M. |
| **Cc:** | Mailing List - Leedy; Michael J. Farnan; Brian Farnan |
| **Subject:** | RE: Draft Letter to Judge Hall |

Nosson,

The correct number is SAMSUNG-ELM-000062368.

Regards,
Phillip

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Friday, February 14, 2020 12:56 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; apoff@ycst.com; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** [EXT] RE: Draft Letter to Judge Hall

Soyoung,

Item 3, below, identifies SAMSUNG-ELM-0000628 as containing transfer prices.  After looking at that bates number, I believe this was a typo.  Can you please let me know what bates number you intended to identify?

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Thursday, February 13, 2020 12:35 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; apoff@ycst.com; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan

<bfarnan@farnanlaw.com>

**Subject:** RE: Draft Letter to Judge Hall

Nosson,

You have now received Samsung's productions of:

1. worldwide sales for the memory products (SAMSUNG-ELM-000062369);
2. worldwide sales for the image sensor products (SAMSUNG-ELM-000062370);
3. transfer prices (SAMSUNG-ELM-0000628);
4. sales data for downstream products containing third-party components (SAMSUNG-ELM-000062371);
5. correlations of downstream products to third-party memory/image sensor components (SAMSUNG-ELM-000062372); and
6. correlations of downstream products to Samsung memory/image sensor products (SAMSUNG-ELM-000062373).

Samsung is currently finalizing the data it has compiled on SAS wafer sales, and we expect to produce this last remaining item to you by Friday or early next week.

These productions moot any need for Elm's motion. Therefore, please confirm that Elm will withdraw its motion so that the parties can avoid burdening the Court with an entirely unnecessary dispute.

Regards,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Thursday, February 6, 2020 2:02 PM
**To:** apoff@ycst.com; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; Jung, Soyoung <soyoungjung@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** [EXT] Draft Letter to Judge Hall

Counsel:

Per Judge Hall's Order, D.I. 247, we've attached a draft letter setting-forth the dates that we are available for a discovery teleconference. Please let us know if you have any edits to the letter. And, if any of these dates do not work for you, please let us know what other dates you're available.

Thanks,

-Nosson

## BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# Exhibit 2



**HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY**

1(213) 683-6211
soyoungjung@paulhastings.com

December 12, 2019

**VIA E-MAIL**

Nosson Knobloch
Bartlit Beck LLP
1801 Wewatta, Suite 1200
Denver, CO 80202

Re:     *Elm 3DS Innovations, LLC v. Samsung Elecs. Co. Ltd., et al.*, CA. No. 14-cv-1430-LPS-CJB

Dear Nosson:

     This letter responds to your correspondence of December 10, and our teleconferences on December 9 and 10.  Samsung's proposal for the discovery we discussed is set forth below.

**I.        Downstream Products**

     Samsung agrees to produce U.S. sales data for all downstream products that include: (1) relevant memory components, and (2) relevant image sensor components.  Samsung anticipates producing the corresponding sales data for these products from both SEA and SELA-Miami, by **January 10**.  Samsung is endeavoring to produce this data earlier, but given the anticipated business shutdowns from the upcoming holidays, and the large volume of products at issue, Samsung estimates January 10 as a more feasible date of production.

**II.       Worldwide Sales Data**

**A.        U.S. Sales Activities**

     Samsung agrees to produce worldwide sales data for the relevant products (*e.g.*, stacked products including at least one die that is 50 microns or less) arising from sales-related activities conducted by any Samsung defendant in the U.S.  To the extent not already produced, Samsung proposes producing this data to Elm by **January 24**.

**B.        Image Sensor Products Incorporating SAS Wafers**

     Samsung agrees to produce worldwide sales data for the relevant image sensor products incorporating wafers manufactured at SAS.  Samsung proposes producing this data to Elm by **January 10**.

Paul Hastings LLP  |  515 South Flower Street  |  Twenty-Fifth Floor  |  Los Angeles, CA 90071
t: +1.213.683.6000  |  www.paulhastings.com

LEGAL_US_W # 101313676.1



December 12, 2019
Page 2

However, to be clear, Samsung interprets this discovery as relating to Elm's request for worldwide sales of relevant products in general. Samsung's agreement to produce this data is based on its relationship to U.S.-based activities, as we discussed (and noted in Section II.A. above). In producing this data, Samsung does not admit that it is properly within the scope of this litigation or otherwise can be the subject of a valid damages theory.

We note again that you raised for the first time on our teleconferences of December 9 and 10 that Elm seeks worldwide sales for stacked memory and image sensor products that specifically incorporate wafers made by SAS, and you reiterated that request in your email of December 10. To the extent that you believe that these new requests are relevant to Elm's Interrogatory No. 5 to Samsung (which appears to be your position), Samsung disagrees. That interrogatory reads as follows:

> Identify on a product-by-product basis the monthly revenue and profit for any **component** that you **manufacture in** or **supply from** the United States that is **incorporated into** a Product that contains a semiconductor layer that is 50 microns or less.

The interrogatory plainly seeks sales data for unfinished components that are manufactured in or supplied from the U.S., and further incorporated into products containing a semiconductor layer that is 50 microns or less. The only components that potentially fall within the scope of this interrogatory are *wafer* products sold by SAS. Samsung's downstream *image sensor* products, containing the SAS wafers, do not fall within the scope of this interrogatory because: (1) they are not "manufacture[d] in the United States"; (2) they are not "suppl[ied] from the United States"; and (3) they are not "incorporated into a Product that contains a semiconductor layer that is 50 microns or less," as they are products that themselves contain such layers. Finally, the interrogatory does not request "worldwide" sales anywhere. As you know, discovery requests must identify the information sought with reasonable particularity, and worldwide sales data is not identified in this interrogatory—and certainly not specified with the requisite particularity.

Consistent with Elm's briefing in the *Micron* case, you have explained to us in our discussions that the above interrogatory is based on Elm's theory of liability under 35 U.S.C. 271(f). However, that section of the statute is directed to liability from supplying from the U.S. a "component of a patented invention," where "such component is uncombined in whole or in part." The image sensor, memory and downstream consumer products are accused products under 35 U.S.C. 271(a), not unfinished components under 35 U.S.C. 271(f). Thus, we do not see how you can plausibly read your new requests for worldwide sales of finished downstream products containing SAS wafers as related to this interrogatory.



December 12, 2019
Page 3


### C.    Memory Products Incorporating SAS Wafers

For similar reasons, we do not see how your new request this week for the worldwide sales of memory component products that specifically contain SAS wafers is relevant to Elm's Interrogatory No. 5.  Likewise, we interpret this request as relating instead to Elm's request for worldwide sales of relevant products in general.

As we previously informed you, Samsung cannot precisely identify which memory products contain SAS wafers before 2012, which is when SAS stopped making wafers for such products.  Nevertheless, Samsung is currently investigating whether it is even possible to make inferences based on the production volume and average sales prices of memory products sold during that time period.  Samsung expects to have answers to this investigation by early next week.  However, we are not aware of any authority requiring a producing party to make an "estimation," no less a "reliable" one as you have demanded, based on information not in its possession, custody or control.  Please provide authority for your position.

Should Samsung learn from its current investigation that it can estimate the memory products containing SAS wafers, and assuming you provide your authority promptly, Samsung would agree to produce the corresponding worldwide sales data by **January 31**.

In addition, given that you have only recently articulated your request for worldwide sales for memory products containing SAS wafers, during our teleconferences of December 9 and 10, and given that Elm's Interrogatory No. 5 does not plausibly encompass such a request, we do not consider the issue ripe.  Samsung needs additional time to investigate what responsive data it can potentially collect or otherwise "estimate" in connection with this request.  Should Elm wish to move forward with a discovery dispute letter on Friday, Samsung will identify as a topic in the letter whether Elm's identification of this particular dispute is premature given that Samsung has been denied adequate time to investigate this new request.

## III.    New Additional Issues

Samsung is in receipt of your request for updated U.S. sales data for relevant products that include components purchased from third parties.  Samsung is also in receipt of your request for the prices that Samsung entities pay for the relevant components incorporated into final downstream products.

As we noted in our teleconferences, these requests dramatically expand the scope of discovery and period for production, and the time needed to investigate these new issues is not based on any omissions by Samsung, as you have claimed.  The parties could have been further along if Elm articulated its need for this additional information when Samsung first started compiling financial data or after reviewing Samsung's productions in the past few months.  You



December 12, 2019
Page 4

acknowledged that additional time is required for Samsung to respond to these issues at this time. Thus, we will respond in due course with Samsung's response and proposal.

Sincerely,

/s/ Soyoung Jung

Soyoung Jung
of PAUL HASTINGS LLP

# Exhibit 3

**Jung, Soyoung**

| | |
|---|---|
| **From:** | Nosson Knobloch <nosson.knobloch@bartlitbeck.com> |
| **Sent:** | Thursday, January 30, 2020 2:03 PM |
| **To:** | Jung, Soyoung |
| **Cc:** | Hsieh, Courtney A.; Kat Hacker; Adam Mortara; John Hughes; Matthew Ford; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy; ServicePH Samsung-ELM 3DS; apoff@ycst.com; pkraman@ycst.com |
| **Subject:** | [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB |

Soyoung,

Following up on the below, please send me your edits so we can get the letter on file today.  If you do not send us your edits today, we reserve the right to file the letter as-is.  Samsung cannot unilaterally hold-up the process of getting these issues in front of the Court by ignoring our requests for input on the letter.

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Nosson Knobloch
**Sent:** Thursday, January 30, 2020 9:57 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

It turns out that I'm tied-up today.  But I'm largely available tomorrow if you'd like to follow-up on any of the issues we've discussed.

In the meantime, please send us your edits to the letter to the Court.  For the reasons we discussed yesterday, we believe these issues need to be raised with Judge Stark now.  To the extent that Samsung actually produces the information we need to move this case forward, we

will withdraw our motion.  But Samsung's failure to comply with the deal memorialized in my December 15 email leaves us no choice but to seek the Court's assistance.

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Wednesday, January 29, 2020 8:29 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

We are generally free between 1-5 PM ET tomorrow.  Can you provide your questions in advance so that we have time to consider them before our call?

Thanks,
Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Wednesday, January 29, 2020 6:52 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** [EXT] Re: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

We have some questions about the parameters of your proposal. When are you available to discuss tomorrow?

Thanks,

Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com |1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

On Jan 29, 2020, at 7:31 PM, Jung, Soyoung <soyoungjung@paulhastings.com> wrote:

Nosson,

We had our call with Samsung tonight.  Samsung is willing to produce all worldwide sales data for the accused products by next Wednesday on the condition that Elm (i) postpones filing any discovery letter with the Court and (ii) agrees to give Samsung the reasonable time it needs to finish collecting the additional data Elm has requested.  Samsung can commit to producing the requested data on transfer prices and memory products containing SAS wafers by Monday, and the correlation data and any sales data for downstream products containing third party components by Feb. 14.

In the meantime, we look forward to reviewing your written responses to our letters of December.  If Elm is willing to work with us on outstanding discovery items, we are willing to extend the same courtesy, and avoid burdening the Court with our disputes at this time.

Please let us know if this compromise is acceptable to Elm.  If it is not, we will provide our edits to the discovery letter in the morning.

Thanks,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Wednesday, January 29, 2020 1:41 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

I will open the line at 3pmMT.

BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Wednesday, January 29, 2020 2:31 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS

<ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

Your draft letter to the Court is premature and does not add Defendants' discovery issues. We can wait until we receive your written response on these issues, or go ahead and discuss today provided that you appreciate that we do not have updates from Samsung to report.

Thanks,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Wednesday, January 29, 2020 10:15 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

We cannot delay this until Friday. Samsung's delays in complying with its discovery obligations are a key issue that we intend to raise with the Court and, especially in light of the accelerated discovery deadlines you have insisted upon, this needs to be resolved right away.

There is one alternative that we'd like to propose: In light of your representation that a meet and confer today would be unhelpful, we would be fine filing the attached letter today, and then following up with you on Friday. If our Friday discussion renders any portion of our request moot, we can always withdraw all or part of the request.

We are working on drafting a written response to your December letters, and expect to have that ready for you today or tomorrow. We propose you review that letter and then let us know if you'd like to meet and confer from there. That said, if you'd prefer to just talk through the issues today (or Friday), that's fine with us.

Please let me know how you'd like to proceed.

Finally, you promised last week to provide certain correlation data by "early to mid" week this week. Are you on track to getting that to us today?

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Wednesday, January 29, 2020 10:57 AM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

As noted in my previous email, we do not believe a call would be productive until we have had an opportunity to talk to Samsung.  So, we would still prefer to meet after our call with Samsung tonight.  We are happy to talk on Friday if that is better for you.

If you would like to proceed with a call today regardless, we can go forward.  But, please be prepared to address all of the deficiency letters we sent you in December.  Elm has ignored our letters, and we plan to include these disputes in any letter to the Court absent resolution during our call.

Thanks,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Wednesday, January 29, 2020 8:42 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Cc:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** [EXT] Re: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

You told me you were available today and we blocked off that time to talk. I am largely tied-up tomorrow, so let's talk today and see where things stand.  In the meantime, please send me any edits to the draft letter I sent you yesterday, so that we can finalize the letter in the event we need to initiate the process of scheduling a discovery conference with the Court.

Thanks,

Nosson

BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com |1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

On Jan 29, 2020, at 9:24 AM, Jung, Soyoung <soyoungjung@paulhastings.com> wrote:

Nosson,

Due to the Lunar New Year, we have not yet had an opportunity to consult with Samsung regarding this issue. We are, however, scheduled to speak with Samsung tonight, and would like to move our meet and confer to tomorrow, so that we can get an update from Samsung on the current status of its investigation.

We are happy to talk today as well, if there is something you would like to address. But we need Samsung's input before we can fully meet and confer.

Please let us know your availability for a call tomorrow (Thursday).

Thanks,
Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Monday, January 27, 2020 5:18 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

It is clear from your response that Samsung has not kept up its end of the deal. Accordingly, we intend to file a motion to compel this week. I'll send you a draft letter to the Court tomorrow, so that we can finalize it during our call on Wednesday. We are available on Wednesday at 3pmMT. Please circulate a dial-in for that time.

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Monday, January 27, 2020 5:01 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

Samsung has attempted, in good faith, to provide the requested discovery pursuant to the parties' agreement, which was that Samsung would investigate and produce worldwide sales data for the relevant products (e.g., stacked products including at least one die that is 50 microns or less) arising from sales-related activities conducted by any Samsung defendant in the U.S. The spreadsheet that was served on Friday, January 24, includes responsive non-U.S. sales data for Samsung's U.S.-based customers. Samsung is continuing its investigation of additional customers for which there may have been sales-related activities in the U.S., but as of now, has yet to identify any.

We are generally available after 3 PM ET this Wednesday to discuss. Let us know what time works for you.

Thanks,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Friday, January 24, 2020 3:30 PM
**To:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

Your letter that accompanied today's production says that your production includes sales to "Samsung's U.S.-based customers." I've pasted below the relevant language from our agreement, which includes more than just sales to Samsung's US-based customers.

It appears that Samsung has, once again, failed to comply with its commitments under our agreement. Please let me know what time on Monday you and your local counsel are available to meet and confer so that we can determine the appropriate next steps.

Thanks,

-Nosson

1. By January 24, Samsung will produce worldwide sales data for all relevant products (including all stacked semiconductor products that include at least one die that is 50 microns or less) regarding which Samsung has conducted sales-related activities in the U.S. Samsung has represented that it is currently investigating the various types of activities that it conducts in the U.S., and has agreed to raise any questions about the specific activities that Elm believes should be included in this inquiry in advance of the January 24 deadline. In addition, Samsung has agreed to the following guidelines:

    a. This production will include all worldwide sales of relevant products to any customer who has ever met with any representative of any Samsung entity in the United States, and all worldwide sales of relevant products to any affiliates of such customers.

    b. This production will include all worldwide sales of relevant products to any customer who has ever received, in the United States, an email, call, or other communication from any Samsung entity.

    c. This production will include all worldwide sales of relevant products where Samsung knows or has reason to believe that the product will be imported into the United

States, or incorporated into a product that will later be imported into the United States.

## BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

**From:** Hsieh, Courtney A. <courtneyhsieh@paulhastings.com>
**Sent:** Friday, January 24, 2020 4:19 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; apoff@ycst.com; pkraman@ycst.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Counsel,

Attached please find correspondence regarding the above-referenced matter.  The production referenced therein will follow by secure transfer.

Thank you,
Courtney



**Courtney Hsieh | Senior Patent Support Specialist**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1906 | Main:  +1.202.551.1700 | Fax:  +1.202.551.0406 |
courtneyhsieh@paulhastings.com  |  www.paulhastings.com

*******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# Exhibits 4 and 5

## REDACTED IN THEIR ENTIRETY

# Exhibit 6

**Jung, Soyoung**

| | |
|---|---|
| **From:** | Jung, Soyoung |
| **Sent:** | Wednesday, January 22, 2020 10:08 AM |
| **To:** | 'Nosson Knobloch'; Citroen, Phillip W.; Soobert, Allan M. |
| **Cc:** | Mailing List - Leedy; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com |
| **Subject:** | RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB |

Nosson,

We should be able to provide the correlations to you by early to mid next week.  We need time for Samsung to review and approve the production of any document(s) that we prepare based on data received from multiple sources.

We also note that you have still inexplicably ignored our repeated requests for an update on our deficiency letters of December.  We also need a commitment as to when Elm will supplement its production addressing those issues.

Regards,
Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Tuesday, January 21, 2020 2:19 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

I disagree with just about everything in your email, Soyoung.  Rather than bickering about the past, or the scope of the work associated with Elm's requests, please let me know tomorrow whether you can commit to provide this additional information by the end of the week.  If you are unable to provide that commitment tomorrow, then we intend to immediately move to compel.

**BartlitBeck** LLP
Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Tuesday, January 21, 2020 3:10 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

It will take some time to prepare the correlation data you now seek in a producible format that is consistent and comprehensible to an outside party, given the different departments that compiled the requested information, and the extraneous raw data and work product that will need to be scrubbed.  We may be able to prepare this information for you by the end of this week, barring unforeseen circumstances that may require follow up questions to Samsung.

In the meantime, we note that there is no legitimate basis for you to ask the Court to address an issue that you not only just raised just a week ago, but that is also not articulated in any pending interrogatory or RFP.  And, it is not productive for you to (incorrectly) claim that Samsung is trying to be unhelpful or uncooperative.  Please do not mischaracterize our efforts going forward.

Regards,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Tuesday, January 21, 2020 10:25 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

From the start of our discussions on these issues, we have made it clear that one of the primary reasons we sought Samsung's sales data was to aid in the process of reaching a representative products agreement.  We cannot do that if Samsung produces downstream sales data without an identification of the relevant accused product(s) contained in those downstream products.  Samsung  obviously knows which of the relevant products are contained in each of the downstream products for which it has produced sales data.  The fact that you chose to produce the data without that information is just another example of the unhelpful and uncooperative approach Samsung has taken to discovery in this case.  Please let me know immediately when you can produce this correlating information so we can decide whether to seek the Court's assistance today.

With regards to the timeframe issues, please let us know when SEA deleted its pre-2010 sales data and whether SEA has any way of estimating its pre-2010 sales of accused products.

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Tuesday, January 21, 2020 10:47 AM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

Samsung's financial data that we produced is clearly in accordance with the parties' agreement.  However, many of your questions seeking further information about this data go beyond the scope of our knowledge, the parties' agreement and Elm's original requests.  We are not aware of any law obligating a party's counsel to immediately know and communicate answers to new questions, and do not see how our inability to do so reflects a "clear violation" of the parties' agreement.  In fact, Elm has the appropriate discovery tools at its disposal and is free, for example, to ask all of your questions in a deposition of a Samsung employee most knowledgeable about the data produced.  Therefore, we do not see a basis for the motion that you are now threatening based on your new questions.

In the meantime, we have some responses below, but are still waiting on others.  In the spirit of good faith, we can inform you of the following:

- You note that the downstream product sales data is listed by its product numbers, which we believe is appropriate identifying data.  You have now asked for additional information correlating these downstream products to component products.  We can prepare this data for you separately, but note that this is an entirely new question not stated anywhere in Elm's requests.
- Samsung's spreadsheet ending in 62365 clearly shows net revenues and quantities.  Nevertheless, we have received an updated spreadsheet with more specific values for revenue and quantities, and will produce it today.
- Samsung's spreadsheet ending in 62360 is a fully responsive, detailed spreadsheet.  You now seek more information about individual data entries.  Elm's discovery requests do not ask about individual data entries.  We can say that we are aware that Samsung sells some products for ███ which may account for some of the █ ███.  But as Samsung's outside counsel, we should not be expected to know the answers to Elm's granular questions about individual product sales or Samsung's accounting practices.  Since we are not equipped to have this kind of discussion with you, Elm should reserve these questions for a deposition.
- You note that the spreadsheets cover different time frames.  We can respond that: (1) SELA-Miami does not have sales data for the year of 2007, and (2) SEA does not have legacy sales data from before 2010.  We also note that the data from before 2010 in the spreadsheet ending in 62360 contains legacy sales data of STA (Samsung Telecommunications America), which SEA had acquired.  All other spreadsheets with no sales should reflect the fact that there were no sales during those years.

We believe that the above addresses most of your questions, and that we are going above and beyond what would be reasonably expected in our efforts to respond to them.  In contrast, you have entirely ignored our deficiency letters from last month and our request for an update on when we can expect Elm to cure the deficiencies.  We expect to hear back from Samsung on the last remaining items shortly and will then provide times of our availability.  Please be prepared to address our requests as well.

Regards,
Soyoung

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Tuesday, January 21, 2020 9:21 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

I assume from your silence that you are not prepared to meet and confer on these issues today.  Accordingly, we intend to send the Court a letter today seeking a discovery conference.  Can you please confirm, so that we don't waste time drafting an unnecessary letter to the Court?

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Friday, January 17, 2020 2:50 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung,

It's disappointing that you're unable to answer even the most basic questions about the data you produced last week.  We believe this is a clear violation of our agreement regarding what you were going to produce on January 10th.

Please let me know what time on Tuesday you and your local counsel are available to meet and confer on these issues.  If you're unable to answer our questions then, we plan immediately move to compel.

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Wednesday, January 15, 2020 6:26 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Nosson,

We have conveyed your questions to Samsung. We will follow up with our availability once we have answers to your questions.

In addition, we'd like to follow up on our letters of 12/6/19, 12/20/19 and 12/23/19. Please let us know when we can expect supplementation of Elm's production as specified in those letters.

Thanks,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Tuesday, January 14, 2020 7:48 AM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** [EXT] RE: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung and Phillip,

Following-up on the below, please let me know what time this week you and your local counsel are available to meet and confer about the data you produced on Friday. We are concerned that there appear to be some significant holes in the data produced, and are considering raising these issue with the Court.

In addition to the question I raised yesterday, we would like to discuss the following:

- You've said that Samsung 62365 contains Samsung's worldwide sales of image sensor products that include a wafer made by Samsung in the US. Our agreement provided that you would also produce Samsung's worldwide sales of downstream products that include a wafer made by Samsung in the US. Where is that data? Also, Samsung 62365 is very sparse. We'd like to understand what each of the tables in that spreadsheet represents.

- The product codes in 62362 are shorter than the product codes in the other spreadsheets.  Why is that?  Are the product codes in 62362 less reliable as a result?

- There are numerous products in the 62360 spreadsheet that show significant net quantity and COGs, but no Net Sales.  We'd like to understand what those entries mean.

- The various sales spreadsheets you produced cover different time frames.  We'd like to understand why that is, and whether there is any data missing from these spreadsheets.

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Monday, January 13, 2020 12:00 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>; Allan Soobert <allansoobert@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; apoff@ycst.com; MFarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** FW: Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB

Soyoung and Phillip,

We received Friday's production, and are working on reviewing it.  In the meantime, there is on one issue that immediately jumped out at us: The downstream sales data appears to be organized entirely based on downstream product numbers/codes.  Can you please let us know how to determine which of the accused product(s) are incorporated into a particular downstream product?

Thanks,

-Nosson

**BartlitBeck** LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Ringel, Katherine R. <katieringel@paulhastings.com>
**Sent:** Friday, January 10, 2020 5:41 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; Kat Hacker <kat.hacker@bartlitbeck.com>; Adam Mortara <adam.mortara@bartlitbeck.com>; John Hughes <john.hughes@bartlitbeck.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; bfarnan@farnanlaw.com; farnan@farnanlaw.com; mfarnan@farnanlaw.com; Mailing List - Leedy <leedy@bartlit-beck.com>
**Cc:** servicephsamsung-elm3ds@paulhastings.com; apoff@ycst.com; pkraman@ycst.com
**Subject:** Elm 3DS Innovations LLC v. Samsung Electronics Co. Ltd. et al, Case No. 1:14-cv-01430-LPS-CJB


Counsel,

Please use the link below to download the following .zip file containing Samsung's production bearing the Bates range SAMSUNG-ELM-000062360–SAMSUNG-ELM-000062365.

Regards,

Katie

_____

Katherine R. Ringel | Senior IP Litigation Paralegal
Paul Hastings LLP | 4747 Executive Drive, Twelfth Floor, San Diego, CA 92121 | Direct: +1.858.458.2054 | Main: +1.858.458.3000 | Fax: +1.858.458.5884 | katherineringel@paulhastings.com | www.paulhastings.com


Â

---

**Files attached to this message**

| Filename | Size | Checksum (SHA1) |
|----------|------|-----------------|
| 2020-01-10.zip | 726 KB | 93b1093136bbcc70b942593229e8a09d2278093a8528e1ffd97b96d6b0c28e15 |


Click on the following link to download the attachments:
https://phftpus.phextranet.com/message/ij0AYCGYqXPTQ6moE1727S

This message or download link can only be forwarded to internal users of PH Secure File Transfer Service. phftpus.phextranet.com.

The attachments are available until: **Friday, 17 January.**

Message ID: ij0AYCGYqXPTQ6moE1727S

**************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please refer to our Global Privacy Statement (available at

**************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# Exhibit 7



1(213) 683-6211
soyoungjung@paulhastings.com


February 18, 2020

**VIA E-MAIL**

Nosson D. Knobloch
BartlitBeck LLP
1801 Wewatta, 12th Floor
Denver, CO 80202

Re:     *Elm 3DS Innovations, LLC v. Samsung Elecs. Co. Ltd., et al.*, CA. No. 14-cv-1430-LPS-CJB

Nosson:

We are sending you instructions on how to download our production bearing the Bates number SAMSUNG-ELM-000062374.  This document is highly confidential and designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL" and should be treated accordingly as provided in the Protective Order entered by the Court.

This spreadsheet provides (1) production volumes of Samsung's stacked memory products containing SAS wafer products and at least one die with a thickness that is 50 microns or less, and the (2) average sales prices for Samsung's stacked memory products containing at least one die with a thickness that is 50 microns or less (not specific to those containing SAS wafer products).  This data provides the estimates of worldwide sales data for stacked memory products that Elm has requested.


Sincerely,

*/s/ Soyoung Jung*

Soyoung Jung
for PAUL HASTINGS LLP


cc:     Counsel of Record

# Exhibit 8



1(213) 683-6211
soyoungjung@paulhastings.com

January 10, 2020

**VIA E-MAIL**

Nosson D. Knobloch
BartlitBeck LLP
1801 Wewatta, 12th Floor
Denver, CO 80202

Re:    *Elm 3DS Innovations, LLC v. Samsung Elecs. Co. Ltd., et al.*, CA. No. 14-cv-1430-LPS-CJB

Nosson:

We are sending you instructions on how to download our production bearing Bates numbers SAMSUNG-ELM-000062360–SAMSUNG-ELM-000062365.  These documents are highly confidential and designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL" and should be treated accordingly as provided in the Protective Order entered by the Court.

The spreadsheets produced contain the following information:

- SAMSUNG-ELM-000062360–361: SEA's sales of downstream products containing memory products having at least one die with a thickness of 50 microns or less

- SAMSUNG-ELM-000062362: SEA's sales of downstream products containing image sensor products having at least one die with a thickness of 50 microns or less

- SAMSUNG-ELM-000062363: SELA-Miami's sales of downstream products containing memory products having at least one die with a thickness of 50 microns or less

- SAMSUNG-ELM-000062364: SELA-Miami's sales of downstream products containing image sensor products having at least one die with a thickness of 50 microns or less

- SAMSUNG-ELM-000062365: SEC's worldwide sales of image sensor products incorporating an SAS wafer and having at least one die with a thickness of 50 microns or less

Sincerely,

*/s/ Soyoung Jung*

Soyoung Jung
for PAUL HASTINGS LLP

cc:    Counsel of Record

# Exhibit 9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

<table>
<tr><td>ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company,</td><td>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td>Plaintiff,</td><td>)<br>)</td><td>C.A. No. 14-cv-1430-LPS</td></tr>
<tr><td>v.</td><td>)<br>)</td><td><b>JURY TRIAL DEMANDED</b></td></tr>
<tr><td>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity,<br>SAMSUNG SEMICONDUCTOR, INC., a California Corporation,<br>SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware limited liability company,</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td>Defendants.</td><td>)<br>)</td><td></td></tr>
</table>

**SAMSUNG'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ELM'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC (collectively "Samsung") hereby object and respond to Plaintiff ELM 3DS Innovations, LLC's ("Elm") Second Set of Interrogatories, dated May 31, 2016.

<u>**GENERAL OBJECTIONS**</u>

Samsung makes the following general responses and objections ("General Objections") to each "Definition," "Instruction," and "Interrogatory" propounded in Elm's Second Set of

Interrogatories.  These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to individual interrogatories does not waive any of Samsung's General Objections.

1.    Samsung objects to Elm's definition of "Elm" and "Elm 3DS" as vague, ambiguous, overbroad, and unduly burdensome to the extent that they include "all parents, subsidiaries, affiliates, assignees, predecessors, employees, and agents thereof."  Samsung further objects to the definition as not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this case.  Samsung further objects to the extent that these terms may include persons or entities that are not parties to this action.

2.    Samsung objects to Elm's definitions of "you" and "your" as overbroad, unduly burdensome, and oppressive to the extent that they include Samsung "and their parents, subsidiaries, divisions, affiliates, predecessors, assigns, successors, and acquired assets of business units, and any of their present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents, and all other persons acting on their behalf."  Samsung will respond, subject to and without waiving all other objections, only as to the named Samsung Defendants: Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC.

3.    Samsung objects to Elm's definition of "Accused Products" on the grounds that the definition is vague, ambiguous, overbroad, and unduly burdensome with respect to its scope and application, particularly to the extent that it seeks to include "all products that include at least one stacked memory product from said list, including but not limited to SSDs, memory modules, USB flash drives, chipsets, and end-user devices."  Samsung further objects to the definition as not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this

-2-

case.  Samsung further objects to the extent that this definition may include products that are not manufactured by a party to this case and/or products that are not imported, sold, or offered for sale in the United States by a party to this case.  To the extent that Samsung provides discovery on such products, Samsung does not concede that such products are relevant or properly included or subject to any remedies in this case.  Moreover, Elm has not reasonably limited the scope of the Accused Products based on any of the claimed features of the asserted patents.  For example, Elm has repeatedly rejected Samsung's proposal to interpret the "substantially flexible" limitation—which is common to a vast majority of the asserted claims—to exclude products lacking a die thinner than 50 μm from the Accused Products, despite the fact that the specification and prosecution history of the asserted patents make clear that the asserted claims require, *inter alia*, at least layers thinned on 50 μm or less.  Samsung further objects to the definition on the grounds it is vague and ambiguous, particularly to the extent that Elm's Second Amended Accused Product List that Elm sent Samsung on June 3, 2016 and additional products outlined in Samsung's letter to Elm dated June 30, 2016 are not included in this definition.

4.      Samsung objects to Elm's Instruction No. 1 because it purports to impose requirements and obligations on Samsung other than as set forth in the Federal Rules of Civil Procedure.

5.      Samsung provides these objections and responses to the best of its current knowledge.  Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses.  Samsung reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Samsung has not presently identified.

6.      By responding to these interrogatories, Samsung does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers.  Samsung's responses are made subject to, and without waiving any objections as to the competency,

relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.

7.      Samsung objects to any interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity.  The inadvertent production by Samsung of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Samsung of such privileges or protections.

8.      Samsung objects generally to the interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties.  Samsung will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information.  To the extent an interrogatory seeks information of a confidential or proprietary nature to Samsung, or to others to whom Samsung is under an obligation of confidentiality, Samsung will respond pursuant to the terms of the protective order entered in this case and subject to notice to third parties, as necessary.

9.      Samsung objects to each interrogatory and to Elm's "Definitions" and "Instructions" to the extent they are vague, ambiguous, overbroad, unduly burdensome, are not proportional to the needs of this case, or purport to impose upon Samsung any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

10.     Samsung objects to any interrogatory to the extent it seeks irrelevant information about Samsung's products or business operations, or is not otherwise proportional to the needs of this case.  Such requests are overbroad and unduly burdensome.  Samsung will only produce information that is relevant to the patents-in-suit, or that is otherwise related to the claims or defenses asserted by the parties in this litigation.

-4-

11.    Samsung objects to each interrogatory to the extent that it would impose a duty on Samsung to undertake a search for or an evaluation of information, documents, or things for which Elm is equally able to search for and evaluate and/or is not proportional to the needs of this case.  In particular, Samsung objects to each interrogatory to the extent that it seeks information or documents that are publicly available.

12.    Samsung objects to each interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery, is not otherwise proportional to the needs of this case, or that is uniquely in Elm's possession, custody, and control.

13.    Samsung objects to each interrogatory to the extent it would require Samsung to draw a legal conclusion or contention to make a proper response.

14.    Samsung objects to each interrogatory to the extent that it purports to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

15.    In Samsung's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

16.    Samsung objects to each interrogatory to the extent it purports to require Samsung to identify or describe or identify "every," "each," "any," or other similarly expansive, infinite, or all-inclusive terms as overbroad and unduly burdensome.

17.    Samsung objects to Elm's "Instructions" and the interrogatories to the extent they seek information that is not in the possession, custody, or control of Samsung, purport to require Samsung to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Samsung no longer possesses and/or was under no obligation to maintain.

18.     Samsung objects to each interrogatory to the extent it is not limited in time and seeks information for periods of time that are not relevant to any claim or defense and is not otherwise proportional to the needs of this case.

19.     Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they are overbroad, unreasonably burdensome, and/or not proportional to the needs of this case.  In particular, Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they seek irrelevant information about accused products.  By answering, objecting, and otherwise responding to the interrogatories, Samsung does not concede relevance or admissibility, both of which Samsung reserves the right to challenge.

20.     Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they are premature and/or to the extent they: (a) conflict with any schedule entered by the Court; (b) seek information that is the subject of expert testimony; (c) seek information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (d) are dependent on depositions and documents that have not been taken or produced.

21.     Samsung's objections as set forth herein are made without prejudice to Samsung's right to assert any additional or supplemental objections pursuant to Rule 26(e).

22.     Samsung will make, and has made, reasonable efforts to respond to Elm's Second Set of Interrogatories, to the extent that no objection is made, as Samsung reasonably understands and interprets each Interrogatory.  If Elm subsequently asserts any interpretation of any interrogatory that differs from the interpretation of Samsung, then Samsung reserves the right to supplement and amend its objections and responses.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to the foregoing qualifications and General Objections and the specific objections made below, Samsung objects and responds to Elm's Second Set of Interrogatories as follows:

## INTERROGATORY NO. 2:

For each Accused Product, state the Samsung entities involved in the manufacturing process, marketing, or sales process, including all steps from an initial contact with a potential customer through a transfer of title of an Accused Product to a purchaser, and state the operations performed by, and locations of, each identified Samsung entity.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:

Samsung incorporates by reference the General Objections as if fully set forth herein.  In addition, Samsung objects to this interrogatory to the extent it calls for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, and other applicable privileges or restrictions on discovery.  Samsung further objects to this interrogatory to the extent it calls for a legal conclusion.  Samsung further objects to this interrogatory on the grounds that it is improperly compound.  Elm's reference to this as a singular interrogatory is an impermissible attempt to circumvent the number of interrogatories permitted to be served by Elm pursuant to ¶ 7(e) of the Court's Scheduling Order.  (D.I. 111).  Samsung further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to "Samsung entities," "involved," "manufacturing process, marketing, or sales process," "operations," and "performed."   These terms are undefined, not time-limited, not product specific, and capable of different interpretations.  It therefore requires Samsung to guess as to what Elm meant by the identified terms, and therefore, what information is actually being requested.  Samsung further objects to this interrogatory as overbroad and unduly burdensome to the extent it purports to require Samsung to state, "[f]or each Accused Product," the Samsung entities involved in the

manufacturing process, marketing, or sales process, "including all steps" from an initial contact with a potential customer through a transfer of title of an Accused Product to a purchase.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this interrogatory, Samsung responds as follows:

Samsung has been the world's largest memory chip maker since 1993, well before the alleged priority date of the Elm patents asserted in this case. Samsung has a long history of introducing ground-breaking memory products. For example, in 2010, long before this case was filed, Samsung was the first company in the world to mass produce 30nm-class DRAM and 20nm NAND.

Samsung has been the long-time leader in the DRAM sector and produces the most up-to-date DRAM solutions. As the pioneer of advanced DRAM technologies, Samsung offers solutions with the highest performance as well as the lowest power consumption.

Samsung has been a leading manufacturer of NAND flash solutions and has firmly established its NAND flash solutions as the key components for a diversity of consumer electronics. Samsung offers a broad portfolio of high-performance, high-density NAND flash solutions combined with its controller technologies that encompass embedded and non-embedded memory storage solutions. Samsung's revolutionary NAND products provide industry first technology, whereby Samsung has redesigned the half-century paradigm in NAND technology.

Samsung Austin Semiconductor, LLC ("SAS") is one of the most advanced semiconductor manufacturing facilities in the world. SAS presently produces digital LSI logic components for tablets, smart phones, and other mobile devices. With over 2600 employees and 2.3 million square feet of space, SAS is designing and producing a full range of design rule devices. Since 1997, SAS has invested approximately $15 billion in its Austin, TX campus, making it one of the largest direct foreign investments in United States history. SAS has also produced complex, silicon wafers, some of which may have subsequently been used in the

fabrication process for certain accused products. SAS is a wholly owned U.S. subsidiary of Samsung Electronics America, Inc. ("SEA"). As this interrogatory is understood by Samsung, SAS is not involved in the marketing or sales process for the accused products. SAS has its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.

Samsung Electronics Co., Ltd. ("SEC") leads the global market in high-tech electronics manufacturing and digital media. SEC is the second largest semiconductor manufacturer in the world and the industry's volume and technology leader in DRAM and NAND Flash. SEC may be involved in various steps in the fabrication process for certain of the accused products. SEC has its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-Si, Gyeonggi-do, 443742, South Korea.

 Samsung Semiconductor, Inc. ("SSI") is a wholly owned U.S. subsidiary of SEA. SSI is involved in the sales of certain accused products. As understood by Samsung, SSI is not involved in the manufacturing process for the accused products. SSI has its principal place of business at 3655 North First Street, San Jose, California 95134.

SEA is a recognized innovation leader in consumer electronics in the U.S., and SEA is involved in commercializing, marketing, selling, distributing, and servicing consumer electronics developed, designed, and manufactured by SEC. SEA is a wholly owned subsidiary of SEC. SEA delivers a broad range of digital consumer electronics, mobile products and wearables, wireless infrastructure, IT and home appliance products. As understood by Samsung, SEA is not involved in the manufacturing of the accused products. SEA has its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

Further, pursuant to Federal Rule of Civil Procedure 33(d), Samsung refers Elm to the documents bearing bates numbers SAMSUNG-ELM-000025176 – SAMSUNG-ELM-000050134, wherein additional information responsive to this interrogatory may be found. Samsung expressly reserves the right to supplement this response following further investigation and/or discovery.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the foregoing general and specific objections, and to the extent it understands this interrogatory, Samsung further responds as follows:

The following describes events that generally occur from initial contact between Samsung and a potential customer through the transfer of title of certain end-user products.

**SEC**

SEC sells certain end-user products designed for use in the U.S. to SEA, which in turn markets and sells these products to customers in the U.S. SEC sells certain end-user products designed for use in certain Latin American markets to Samsung Electronics Latino America Miami, Inc. ("SELA-Miami"), which in turn markets and sells these products to customers in the U.S. SEC sells certain semiconductor component products to SSI, which in turn markets and sells some of these products to customers in the U.S.

**SEA**

SEA markets certain end-user products designed for use in the U.S. to customers and end-users in the U.S. SEA thereafter imports, sells, and/or distributes such products to customers—such as wireless carriers and retailers—in the U.S., which in turn sell and distribute the products to end-users.

**SSI**

SSI markets certain semiconductor component products to original-equipment-manufacturers ("OEM") in the U.S. On a customer-by-customer basis, SSI may be involved in negotiating and/or executing master supply agreements with OEM customers in the U.S. Similarly, on a customer-by-customer basis, purchase orders may be placed with SSI or with SEC. SSI is not involved in the manufacture of such products abroad. Such component products are shipped to customer locations in the U.S. or to customer locations overseas. SSI does not receive or maintain any information regarding the sales and distribution of end-user products

-10-

containing Samsung semiconductor component products after such component products are sold and shipped to OEM customers.

**SAS**

SAS performs wafer processing for its primary customer SEC, but in limited circumstances, SAS also performs wafer processing for external customers. SAS buys blank silicon wafers and processes them through a series of steps for fabricating the circuitry that performs all of the functionality of the chips. SAS thereafter ships the processed wafers to its customers. SAS does not perform wafer cutting, packaging, or testing of finished chips. Nor is SAS involved in sales, marketing, or distribution of chips or end-user devices. SAS does not receive or maintain any information regarding the sales and distribution of end-user products containing Samsung processed wafers after such wafers are sold and shipped to its customers.

**SELA-Miami**

SELA-Miami is an indirect wholly-owned subsidiary of SEC, with a principal place of business at 9850 NW 41st St #350, Doral, FL 33178. SELA-Miami markets certain smartphone and tablet products designed for use in certain Latin American markets, including Puerto Rico. SELA-Miami thereafter imports and sells such products to customers in the U.S.

***

Samsung also incorporates by reference herein its initial and supplemental responses to Elm's Common Interrogatory No. 2. Samsung expressly reserves the right to amend or supplement this response following further investigation and/or discovery.

**INTERROGATORY NO. 3:**

State Samsung's top five customers to whom it sells the highest volume of the Accused Products based on U.S. billing addresses, non-U.S. billing addresses, U.S. shipping addresses and non-U.S. shipping addresses.

-11-

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:

Samsung incorporates by reference the General Objections as if fully set forth herein.  In addition, Samsung objects to this interrogatory to the extent it calls for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, and other applicable privileges or restrictions on discovery.  Samsung further objects to this interrogatory to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Samsung further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to "top five customers," "highest volume," and "based on U.S. billing addresses, non-U.S. billing addresses, U.S. shipping addresses and non-U.S. shipping addresses."  These terms are undefined and capable of different interpretations.  It therefore requires Samsung to guess as to what Elm meant by the identified terms, and therefore, what information is actually being requested.  Samsung further objects to this interrogatory as ambiguous and overbroad, particularly to the extent that it is unlimited with respect to time or geography, as a company's customer base is not static. Samsung further objects to this interrogatory to the extent that it is duplicative and seeks information that can be derived or ascertained from documents that were produced in discovery and that is uniquely in Elm's possession, custody and control.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this interrogatory, Samsung responds as follows: pursuant to Federal Rule of Civil Procedure 33(d), Samsung refers Elm to the documents bearing bates numbers SAMSUNG-ELM-000025176 – SAMSUNG-ELM-000050134, wherein information responsive to this interrogatory may be found.  Samsung expressly reserves the right to supplement this response following further investigation and/or discovery.

-12-

DATED:  October 17, 2019

OF COUNSEL:

Allan M. Soobert
Naveen Modi
Phillip W. Citroën
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (fax)
*ServicePHSamsung-*
*ELM3DS@paulhastings.com*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
*apoff@ycst.com*
*pkraman@ycst.com*

*Attorneys for Defendants Samsung Electronics Co.,*
*Ltd., Samsung Semiconductor, Inc., Samsung*
*Electronics America, Inc., and Samsung Austin*
*Semiconductor, LLC*

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on October 17, 2019, I caused a true and correct copy of the foregoing document to be served on the following counsel of record in the manner indicated:

### BY E-MAIL

Joseph J. Farnan, Jr. Esquire
Brian E. Farnan, Esquire
Michael J. Farnan, Esquire
Farnan, LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*farnan@farnanlaw.com*
*bfarnan@farnanlaw.com*
*mfarnan@farnanlaw.com*

Adam K. Mortara, Esquire
Matthew R. Ford, Esquire
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL  60654
*adam.mortara@bartlit-beck.com*
*matthew.ford@bartlit-beck.com*

John M. Hughes, Esquire
Katherine L.I. Hacker, Esquire
Nosson D. Knobloch, Esquire
Bartlit Beck Herman Palenchar & Scott LLP
1801 Wewatta, Suite 1200
Denver, CO  80202
*john.hughes@bartlit-beck.com*
*kat.hacker@bartlit-beck.com*
*nosson.knobloch@bartlit-beck.com*

*Attorneys for Plaintiff*

01:18142894.1

YOUNG CONAWAY STARGATT
 &  TAYLOR, LLP


*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
(302) 571-6600
*apoff@ycst.com*
*pkraman@ycst.com*

*Attorneys for Defendants*

2

# Exhibit 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company, )<br><br>Plaintiff, )<br><br>v. )<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity,<br>SAMSUNG SEMICONDUCTOR, INC., a California corporation,<br>SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware limited liability company,<br><br>Defendants. ) | C.A. No. 14-1430-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ELM 3DS'S THIRD SET OF COMMON INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC (collectively "Samsung") hereby object and respond to Plaintiff Elm 3DS Innovations, LLC's ("Elm") Third Set of Common Interrogatories, dated June 24, 2019.

**GENERAL OBJECTIONS**

Samsung makes the following general responses and objections ("General Objections") to each "Definition," "Instruction," and "Interrogatory" propounded in Elm's Third Set of Common Interrogatories. These General Objections are hereby incorporated into each specific

response.  The assertion of the same, similar or additional objections or partial responses to individual interrogatories does not waive any of Samsung's General Objections.

1.     Samsung objects to Elm's definition of "Elm 3DS" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes "all parents, subsidiaries, affiliates, assignees, predecessors, employees, and agents thereof."  Samsung further objects to the definition as not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this case.  Samsung further objects to the extent that these terms may include persons or entities that are not parties to this action.

2.     Samsung objects to Elm's definitions of "you" and "your" as overbroad, unduly burdensome, and oppressive to the extent that they include Samsung "and their parents, subsidiaries, divisions, affiliates, predecessors, assignees, successors, and acquired assets of business units, and any of their present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents, and all other persons acting on their behalf."  Samsung will respond, subject to and without waiving all other objections, only as to the named Samsung Defendants: Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC.

3.     Samsung objects to Elm's definition of "Accused Products" on the grounds that the definition is vague, ambiguous, overbroad, and unduly burdensome with respect to its scope and application, particularly to the extent that it seeks to include "all products sold by Defendants that include at least one stacked memory product, including but not limited to SSDs, memory modules, USB flash drives, chipsets, and end-user devices."  Samsung further objects to the definition as not reasonably tied to Elm's infringement allegations and potentially seeking

-2-

information not relevant to any party's claim or defense and not proportional to the needs of this case. Samsung further objects to the extent that this definition may include products that are not manufactured by a party to this case and/or products that are not imported, sold, or offered for sale in the United States by a party to this case. To the extent that Samsung provides discovery on such products, Samsung does not concede that such products are relevant or properly included or subject to any remedies in this case. Moreover, Elm has not reasonably limited the scope of the Accused Products based on any of the claimed features of the patents-in-suit.

4.      Samsung objects to Elm's definitions of "Product" and "Products" on the grounds that the definitions are vague, ambiguous, overbroad, and unduly burdensome with respect to their scope and application, particularly to the extent that they seek to include "stacked semiconductor products, including but not limited to stacked memory products." Samsung further objects to the definitions as not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this case. Samsung further objects to the extent that these definitions may include products that are not manufactured by a party to this case and/or products that are not imported, sold, or offered for sale in the United States by a party to this case. To the extent that Samsung provides discovery on such products, Samsung does not concede that such products are relevant or properly included or subject to any remedies in this case. Moreover, Elm has not reasonably limited the scope of the Products or the definition thereof based on any of the claimed features of the patents-in-suit.

5.      Samsung objects to Elm's Instruction No. 1 because it purports to impose requirements and obligations on Samsung other than as set forth in the Federal Rules of Civil Procedure.

6.      Samsung provides these objections and responses to the best of its current knowledge.  Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses.  Samsung reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Samsung has not presently identified.

7.      By responding to these interrogatories, Samsung does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers.  Samsung's responses are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.

8.      Samsung objects to any interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity.  The inadvertent production by Samsung of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Samsung of such privileges or protections.

9.      Samsung objects generally to the interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties.  Samsung will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information.  To the extent an interrogatory seeks information of a confidential or proprietary nature to Samsung, or to others to whom Samsung is under an obligation of confidentiality,

-4-

Samsung will respond pursuant to the terms of the protective order entered in this case and subject to notice to third parties, as necessary.

10.     Samsung objects to each interrogatory and to Elm's "Definitions" and "Instructions" to the extent they are vague, ambiguous, overbroad, unduly burdensome, are not proportional to the needs of this case, or purport to impose upon Samsung any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

11.     Samsung objects to any interrogatory to the extent it seeks irrelevant information about Samsung's products or business operations, or is not otherwise proportional to the needs of this case.  Such requests are overbroad and unduly burdensome.  Samsung will only produce information that is relevant to the patents-in-suit, or that is otherwise related to the claims or defenses asserted by the parties in this litigation.

12.     Samsung objects to each interrogatory to the extent that it would impose a duty on Samsung to undertake a search for or an evaluation of information, documents, or things for which Elm is equally able to search for and evaluate and/or is not proportional to the needs of this case.  In particular, Samsung objects to each interrogatory to the extent that it seeks information or documents that are publicly available.

13.     Samsung objects to each interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery, is not otherwise proportional to the needs of this case, or that is uniquely in Elm's possession, custody, and control.

14.     Samsung objects to each interrogatory to the extent it would require Samsung to draw a legal conclusion or contention to make a proper response.

15.     Samsung objects to each interrogatory to the extent that it purports to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

16.     In Samsung's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

17.     Samsung objects to each interrogatory to the extent it purports to require Samsung to identify or describe "every," "each," "any," or other similarly expansive, infinite, or all-inclusive terms as overbroad and unduly burdensome.

18.     Samsung objects to Elm's "Definitions," "Instructions" and the interrogatories to the extent they seek information that is not in the possession, custody, or control of Samsung, purport to require Samsung to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Samsung no longer possesses and/or was under no obligation to maintain.

19.     Samsung objects to each interrogatory to the extent it is not limited in time and seeks information for periods of time that are not relevant to any claim or defense and is not otherwise proportional to the needs of this case.

20.     Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they are overbroad, unreasonably burdensome, and/or not proportional to the needs of this case.  In particular, Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they seek irrelevant information

about accused products.  By answering, objecting, and otherwise responding to the interrogatories, Samsung does not concede relevance or admissibility, both of which Samsung reserves the right to challenge.

21.    Samsung objects to the interrogatories as a whole, and to each interrogatory contained therein, to the extent they are premature and/or to the extent they: (a) conflict with any schedule entered by the Court; (b) seek information that is the subject of expert testimony; (c) seek information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (d) are dependent on depositions and documents that have not been taken or produced.

22.    Samsung's objections as set forth herein are made without prejudice to Samsung's right to assert any additional or supplemental objections pursuant to Rule 26(e).

23.    Samsung will make, and has made, reasonable efforts to respond to Elm's Third Set of Common Interrogatories, to the extent that no objection is made, as Samsung reasonably understands and interprets each Interrogatory.  If Elm subsequently asserts any interpretation of any interrogatory that differs from the interpretation of Samsung, then Samsung reserves the right to supplement and amend its objections and responses.

## **OBJECTIONS AND RESPONSES TO COMMON INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Samsung objects and responds to Elm's Third Set of Common Interrogatories as follows:

**COMMON INTERROGATORY NO. 4:**

For any Product made or sold by you that contains a semiconductor layer that is 50 microns or less, identify on a worldwide, product-by-product basis the monthly revenue and profit from 2008 through 2018.

**OBJECTIONS AND RESPONSE TO COMMON INTERROGATORY NO. 4:**

Samsung incorporates by reference the General Objections as if fully set forth herein.  In addition, Samsung objects to this interrogatory to the extent it calls for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, and other applicable privileges or restrictions on discovery.  Samsung further objects to this interrogatory as premature and improperly compound, in an impermissible attempt to circumvent the number of interrogatories permitted under ¶ 7(e) of the Court's Scheduling Order (D.I. 176), to the extent that it seeks "monthly revenue and profit" information about products before the parties have resolved the preliminary issue of identifying products that contain a semiconductor layer that has a thickness of 50 microns or less.  Samsung further objects to this interrogatory as overbroad and unduly burdensome to the extent that "identif[ication] on a worldwide, product-by-product basis [of] the monthly revenue and profit from 2008 through 2018" for "any Product made or sold by you that contains a semiconductor layer that is 50 microns or less" may encompass information that is not proportional to the needs of this case.  Samsung further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to "made or sold by you," "contains," "a semiconductor layer that is 50 microns or less," "identify," "worldwide," "product-by-product," "basis," "revenue," and "profit."  These terms are undefined and capable of different interpretations.  It therefore requires Samsung to guess as to what Elm meant by the identified terms, and therefore, what information is actually being requested.  Samsung further objects to

-8-

this interrogatory as ambiguous and overbroad, particularly to the extent that it is unlimited with respect to geography and not properly limited with respect to time.  For example, it is ambiguous as to whether "any Product made or sold by you that contains a semiconductor layer that is 50 microns or less" is properly limited in scope with respect to time or geography, and the request for monthly revenue and profit on a "worldwide, product-by-product basis" is not properly limited in geography.  Furthermore, because at least some patents-in-suit have expired prior to the end of 2018, Samsung objects to this interrogatory to the extent it seeks post-patent expiration data.  Samsung further objects to this interrogatory as being premature because the Court has not yet construed the claims of the patents-in-suit.  Samsung objects to this interrogatory to the extent it would require Samsung to draw a legal conclusion or contention to make a proper response.  Samsung further objects to this interrogatory to the extent that it is duplicative and seeks information that can be derived or ascertained from documents and things that were produced in discovery and that are in Elm's possession, custody, and control.  Samsung further objects to this interrogatory to the extent it is not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this case.  Samsung further objects to this interrogatory to the extent it seeks information unrelated to the products that are properly accused in this case.

Subject to and without waiving the foregoing general and specific objections, Samsung is available to meet and confer with Elm regarding the proper timing and scope, if any, of this interrogatory.

## COMMON INTERROGATORY NO. 5:

For any Product made or sold by you that contains a semiconductor layer that is 50 microns or less, identify on a product-by-product basis the monthly revenue and profit from 2008 through 2018 for Products manufactured, sold, offered for sale, or imported into the United States.

## OBJECTIONS AND RESPONSE TO COMMON INTERROGATORY NO. 5:

Samsung incorporates by reference the General Objections as if fully set forth herein. In addition, Samsung objects to this interrogatory to the extent it calls for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, and other applicable privileges or restrictions on discovery. Samsung further objects to this interrogatory as premature and improperly compound, in an impermissible attempt to circumvent the number of interrogatories permitted under ¶ 7(e) of the Court's Scheduling Order (D.I. 176), to the extent that it seeks "monthly revenue and profit" information about products before the parties have resolved the preliminary issue of identifying products that contain a semiconductor layer that has a thickness of 50 microns or less. Samsung further objects to this interrogatory as overbroad and unduly burdensome to the extent that "identif[ication] on a product-by-product basis [of] the monthly revenue and profit from 2008 through 2018" for "any Product made or sold by you that contains a semiconductor layer that is 50 microns or less" and/or for "Products manufactured, sold, offered for sale, or imported into the United States" may encompass information that is not proportional to the needs of this case. Samsung further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to "made or sold by you," "contains," "a semiconductor layer that is 50 microns or less," "identify," "product-by-product," "basis," "revenue," "profit," and "manufactured, sold, offered for sale, or imported into the United

-10-

States." These terms are undefined and capable of different interpretations. It therefore requires Samsung to guess as to what Elm meant by the identified terms, and therefore, what information is actually being requested. Samsung further objects to this interrogatory as ambiguous and overbroad, particularly to the extent that it is not properly limited with respect to time or geography. For example, it is ambiguous as to whether "any Product made or sold by you that contains a semiconductor layer that is 50 microns or less" is properly limited in scope with respect to time or geography. Furthermore, because at least some patents-in-suit have expired prior to the end of 2018, Samsung objects to this interrogatory to the extent it seeks post-patent expiration data. Samsung further objects to this interrogatory as being premature because the Court has not yet construed the claims of the patents-in-suit. Samsung objects to this interrogatory to the extent it would require Samsung to draw a legal conclusion or contention to make a proper response. Samsung further objects to this interrogatory to the extent that it is duplicative and seeks information that can be derived or ascertained from documents and things that were produced in discovery and that are in Elm's possession, custody, and control. Samsung further objects to this interrogatory to the extent it is not reasonably tied to Elm's infringement allegations and potentially seeking information not relevant to any party's claim or defense and not proportional to the needs of this case. Samsung further objects to this interrogatory to the extent it seeks information unrelated to the products that are properly accused in this case. Samsung further objects to this interrogatory to the extent that it seeks information relating to products that are not made, sold, or offered for sale within the United States or not imported into the United States by any Samsung defendant.

-11-

Subject to and without waiving the foregoing general and specific objections, Samsung is available to meet and confer with Elm regarding the proper timing and scope, if any, of this interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving the foregoing general and specific objections, and to the extent it understands this interrogatory, Samsung further responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Samsung refers Elm to the document bearing bates number SAMSUNG-ELM-000062354, wherein additional information responsive to this interrogatory may be found.

Samsung further responds that the revenue values reported in the foregoing document reflect sales from Samsung Semiconductor, Inc. that generated revenues realized in the U.S.

Samsung expressly reserves the right to supplement this response following further investigation and/or discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving the foregoing general and specific objections, and to the extent it understands this interrogatory, Samsung further responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Samsung refers Elm to the documents bearing bates numbers SAMSUNG-ELM-000062357 and SAMSUNG-ELM-000062358, wherein additional information responsive to this interrogatory may be found.  These documents are spreadsheets containing data on (1) U.S. sales and (2) cost of goods sold, respectively, and replace the spreadsheet with bates number SAMSUNG-ELM-000062354, as referred to in

-12-

Samsung's First Supplemental Objections and Responses to Elm's Third Set of Common Interrogatories served on August 21, 2019.

With respect to SAMSUNG-ELM-000062358, Samsung does not have cost of goods sold data for the year 2010, and only has combined cost of goods sold data for one-part, ten-digit product numbers (which may each encompass multiple products with two-part, seventeen-digit product numbers, including products that do not contain a semiconductor layer that is 50 microns or less) for the years 2011 and 2012. *See* pages 1-2 of SAMSUNG-ELM-000062358.

Samsung further responds that the revenue values reported in the foregoing document reflect sales from Samsung Semiconductor, Inc. that generated revenues realized in the U.S.

Samsung expressly reserves the right to supplement this response following further investigation and/or discovery.

DATED:  November 15, 2019

OF COUNSEL:                                    YOUNG CONAWAY STARGATT &
                                               TAYLOR, LLP

Allan M. Soobert
Naveen Modi                                    /s/ Adam W. Poff
Phillip W. Citroën                             Adam W. Poff (No. 3990)
PAUL HASTINGS LLP                              Pilar G. Kraman (No. 5199)
875 15th Street, N.W.                          YOUNG CONAWAY STARGATT &
Washington, D.C. 20005                         TAYLOR, LLP
(202) 551-1700                                 Rodney Square
(202) 551-1705 (fax)                           1000 North King Street
*ServicePHSamsung-*                            Wilmington, DE 19801
*ELM3DS@paulhastings.com*                      (302) 571-6600
                                               *apoff@ycst.com*
                                               *pkraman@ycst.com*
*Attorneys for Defendants Samsung Electronics*
*Co., Ltd., Samsung Semiconductor, Inc.,*
*Samsung Electronics America, Inc., and*       *Attorneys for Defendants Samsung Electronics*
*Samsung Austin Semiconductor, LLC*            *Co., Ltd., Samsung Semiconductor, Inc.,*
                                               *Samsung Electronics America, Inc., and*
                                               *Samsung Austin Semiconductor, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Adam W. Poff, hereby certify that on November 15, 2019, I caused a true and correct copy of the foregoing document to be served on the following counsel of record in the manner indicated:

**<u>BY E-MAIL</u>**

Joseph J. Farnan, Jr. Esquire
Brian E. Farnan, Esquire
Michael J. Farnan, Esquire
Farnan, LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*farnan@farnanlaw.com*
*bfarnan@farnanlaw.com*
*mfarnan@farnanlaw.com*

Adam K. Mortara, Esquire
Matthew R. Ford, Esquire
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL  60654
*adam.mortara@bartlit-beck.com*
*matthew.ford@bartlit-beck.com*

John M. Hughes, Esquire
Katherine L.I. Hacker, Esquire
Nosson D. Knobloch, Esquire
Bartlit Beck Herman Palenchar & Scott LLP
1801 Wewatta, Suite 1200
Denver, CO  80202
*john.hughes@bartlit-beck.com*
*kat.hacker@bartlit-beck.com*
*nosson.knobloch@bartlit-beck.com*

*Attorneys for Plaintiff*

YOUNG CONAWAY STARGATT
 &  TAYLOR, LLP

/s/ Adam W. Poff
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

Attorneys for Defendants

2

# Exhibit 11

| | |
|---|---|
| **From:** | Jung, Soyoung |
| **To:** | Citroen, Phillip W.; Nosson Knobloch; apoff@ycst.com; ServicePH Samsung-ELM 3DS; Soobert, Allan M. |
| **Cc:** | Mailing List - Leedy; Michael J. Farnan; Brian Farnan |
| **Subject:** | RE: Draft Letter to Judge Hall |
| **Date:** | Tuesday, February 18, 2020 1:31:50 PM |

Nosson,

You should now have received Samsung's estimation of worldwide sales for relevant memory products containing SAS wafer products (SAMSUNG-ELM-000062374).

We believe that the only remaining issues in Elm's discovery letter that we owe you responses to are on SEA's pre-2010 sales data, and foreign sales of downstream products (e.g., containing SAS products).

First, we note that SEA has been able to retrieve its pre-2010 sales data from its archives, but we did not find sales of any relevant products for that period.

Second, Samsung will not be producing foreign sales of further downstream products until Elm can explain why such foreign sales could possibly be relevant; Samsung has already produced worldwide sales of the accused components within these downstream products. Elm has failed, to date, to justify the relevance of these additional foreign sales and Samsung is not aware of any theory that Elm would be able to articulate.

Regards,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Friday, February 14, 2020 12:56 PM
**To:** Jung, Soyoung <soyoungjung@paulhastings.com>; apoff@ycst.com; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** [EXT] RE: Draft Letter to Judge Hall

Soyoung,

Item 3, below, identifies SAMSUNG-ELM-0000628 as containing transfer prices. After looking at that bates number, I believe this was a typo. Can you please let me know what bates number you intended to identify?

Thanks,

-Nosson

BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jung, Soyoung <soyoungjung@paulhastings.com>
**Sent:** Thursday, February 13, 2020 12:35 PM
**To:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>; apoff@ycst.com; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; Soobert, Allan M. <allansoobert@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Draft Letter to Judge Hall

Nosson,

You have now received Samsung's productions of:

1. worldwide sales for the memory products (SAMSUNG-ELM-000062369);
2. worldwide sales for the image sensor products (SAMSUNG-ELM-000062370);
3. transfer prices (SAMSUNG-ELM-0000628);
4. sales data for downstream products containing third-party components (SAMSUNG-ELM-000062371);
5. correlations of downstream products to third-party memory/image sensor components (SAMSUNG-ELM-000062372); and
6. correlations of downstream products to Samsung memory/image sensor products (SAMSUNG-ELM-000062373).

Samsung is currently finalizing the data it has compiled on SAS wafer sales, and we expect to produce this last remaining item to you by Friday or early next week.

These productions moot any need for Elm's motion. Therefore, please confirm that Elm will withdraw its motion so that the parties can avoid burdening the Court with an entirely unnecessary dispute.

Regards,
Soyoung

---

**From:** Nosson Knobloch <nosson.knobloch@bartlitbeck.com>
**Sent:** Thursday, February 6, 2020 2:02 PM
**To:** apoff@ycst.com; ServicePH Samsung-ELM 3DS <ServicePHSamsung-ELM3DS@paulhastings.com>; Jung, Soyoung <soyoungjung@paulhastings.com>; Soobert, Allan M.

<allansoobert@paulhastings.com>; Citroen, Phillip W. <phillipcitroen@paulhastings.com>
**Cc:** Mailing List - Leedy <leedy@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>;
Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** [EXT] Draft Letter to Judge Hall

Counsel:

Per Judge Hall's Order, D.I. 247, we've attached a draft letter setting-forth the
dates that we are available for a discovery teleconference.  Please let us know if
you have any edits to the letter.  And, if any of these dates do not work for you,
please let us know what other dates you're available.

Thanks,

-Nosson

BartlitBeck LLP

Nosson D. Knobloch | p: 303.592.3122 | c: 773.301.2851 | Nosson.Knobloch@BartlitBeck.com | 1801 Wewatta Street, 12th
Floor, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.