**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | C.A. No. 14-cv-1430-LPS<br><br>JURY TRIAL DEMANDED<br><br>**FILED UNDER SEAL** |

**RESPONSE LETTER TO THE HONORABLE JUDGE HALL**
**OBJECTING TO DISCOVERY RELATED TO LITIGATION FUNDING**

Dated: October 23, 2020


Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnalaw.com

Matthew R. Ford (*pro hac vice*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
matthew.ford@bartlitbeck.com

John M. Hughes (*pro hac vice*)
Nosson D. Knobloch (*pro hac vice*)
Katherine L.I. Hacker (*pro hac vice*)
Daniel C. Taylor (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
john.hughes@bartlitbeck.com
nosson.knobloch@bartlitbeck.com
kat.hacker@bartlitbeck.com
dan.taylor@bartlitbeck.com

*Attorneys for Plaintiff Elm 3DS Innovations, LLC*

Dear Judge Hall,

Plaintiff Elm 3DS Innovations, LLC respectfully requests that the Court deny Samsung's motion to compel litigation funding discovery. This information is not relevant to any of the claims or defenses in this case and is protected by the work product doctrine.

**I. Samsung Failed to Raise this Issue in a Timely Manner**

Samsung comes to the Court now that the parties have substantially completed document production to try to compel discovery it served five years ago. In August 2015, the Defendants served requests for litigation funding agreements, all communications with any potential or actual investors, and all documents relating to any litigation funding agreement. (Ex. 1 at 17, 24.) In July 2018 (after a stay pending IPRs), Elm made clear that it "w[ould] not be producing documents responsive" to these requests. (Ex. 2 at 43–44, 80.) Samsung did not raise any concerns.

The next Elm heard of this issue was eight months later. At that point, Elm conferred with the Defendants and shared the research it found concerning the non-discoverability of litigation funding documents. (*See* Ex. 3 at 1–2.) [redacted] Ex. 4 at 3.) Again, Samsung went silent, this time for sixteen months.

For over two years, Elm has consistently stated that it was not producing this information. (*See, e.g.*, Exs. 2, 3, 4, and 5.) Last week, Elm and Samsung substantially completed their document productions, and fact discovery will close in less than three months. (D.I. 338 at 1.) Samsung should not be allowed to further delay this now six-year old case by seeking to compel discovery that it could have sought years ago. Samsung's delay shows how little this discovery actually affects the case. If it were relevant, then Samsung should (and would) have pursued it diligently.

**II. Litigation Funding Does Not Relate to Any Claim or Defense in this Case**

This discovery is not "relevant to any party's claim or defense [or] proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Discoverability of litigation funding materials under Federal Rule of Civil Procedure 26 is a contested issue on which there is no binding precedent in the Third Circuit." *United Access Techs., LLC v. AT&T Corp.*, No. 11-338-LPS, 2020 WL 3128269, at *1 (D. Del. June 12, 2020). But Samsung cites only one case from within the Third Circuit to try to claim this discovery is relevant. (*See* D.I. 344 at 1–2 (citing *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018).) Since that case was decided, other courts within the Third Circuit and this very district have disagreed with its conclusion and instead joined the "plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant." *In re Valsartan NDMA Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019); *see also, e.g.*, *United Access*, 2020 WL 3128269, at *1 ("*Acceleration Bay* does not hold (as no case could) that such materials are always relevant, without any consideration of additional factors."); Ex. 6, *TQ Delta, LLC v. ADTRAN, Inc.*, D.I. 419 at 2 (D. Del. June 7, 2018) ("I have previously held in other cases that litigation funding agreements are in themselves irrelevant. I continue to believe that that is generally so . . . ."). The court should do the same here.

Samsung has the burden of proving how its requested discovery is relevant. *See Invensas Corp. v. Renesas Elecs. Corp.*, No. 11-448-GMS-CJB, 2013 WL 12146531, at *2 (D. Del. May 8, 2013). To try to do so, Samsung runs through a litany of arguments, none of which meet its burden.

First, Samsung claims that this discovery is relevant to "damages, including establishing the value of the asserted patents." (D.I. 344 at 1.) But a reasonable royalty in this case will be "calculated based upon hypothetical negotiations between a willing licensor and a willing licensee on the date

infringement began." *LG Display Co. v. AU Optronics Corp.*, 722 F. Supp. 2d 466, 471 (D. Del. 2010). What a litigation funder would invest in exchange for a stake in a case's outcome says nothing about what a willing licensee would pay to use patented technology. Judge Andrews said it best:

> These agreements are not patent licensing agreements and are not otherwise relevant to the hypothetical negotiation . . . . The best that can be said about litigation funding agreements is that they are informed gambling on the outcome of litigation. They are so far removed from the hypothetical negotiation that they have no relevance.

*AVM Techs., LLC v. Intel Corp.*, No. 15-33-RGA, 2017 WL 1787562, at *3 (D. Del. May 1, 2017).

Second, Samsung states this discovery is relevant to "infringement, validity, and enforceability" because it "may . . . reveal Elm admissions and statements about the patents." (D.I. 344 at 1.) Samsung cannot meet its burden of proving relevance by speculating about what these documents "may" reveal. *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990). This Court recently rejected similar speculation "that communications with prospective sources of funding, as well as subsequent litigation updates to eventual funders, are relevant to central issues like validity and infringement." *See United Access*, 2020 WL 3128269, at *1. Samsung's speculation should be rejected here too.

Third, Samsung claims this discovery is relevant to standing. Elm has produced documents showing it has standing. (*See* Ex. 7.) Samsung claims that Elm's "only apparent member is now deceased." But Elm explained that this is untrue in response to the very interrogatory on which Samsung now moves to compel. (*See* Ex. 8 at 22 (listing entities with any interest in Elm).) In addition, Elm produced its "articles of incorporation, operating agreements, bylaws, and any trust documents necessary to show ownership and Ron Epstein's authority on behalf of Elm." (Ex. 9 at 2.) Not only does Samsung not need any additional information to verify Elm's standing, but the litigation funding documents it seeks would also not provide any insight on this issue.

Fourth, Samsung claims that this discovery is relevant to refuting a potential David versus Goliath trial theme. (D.I. 344 at 2.) [redacted]

Fifth, Samsung argues that this discovery is relevant to "witness credibility and bias." (*Id.*) Samsung mentions only one witness, Ron Epstein. (*Id.*) [redacted] In *Yousefi v. Delta Electric Motors, Inc.*, an employee filed a discrimination case funded by his union. Multiple union witnesses were going to testify, so the court allowed evidence about the union's financing with the expectation of payment if the plaintiff prevailed to assess their bias. *Yousefi*, No. C13-1632RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015). But without that connection to potential bias, "[w]hether a plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from [a third party] is not relevant to any claim or defense at issue." *Id.*

Finally, Samsung's requested discovery is not proportional to the needs of the case. Even when plaintiffs have produced litigation funding information, courts have excluded it from trial. *See, e.g.*, *AVM Techs.*, 2017 WL 1787562, at *3 ("[If litigation funding agreements] were determined to have some marginal relevance, th[en] I would exclude them under Rule 403 . . . as their introduction

would just invite a sideshow on the economics of patent litigation."). That shows how unimportant this discovery is in resolving the issues in the case.

### III. Litigation Funding Documents Are Protected by the Work Product Doctrine

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . ." Fed. R. Civ. P. 26(b)(3). "Whether a document receives work product protection depends upon why it was created." *Carlyle Inv. Mgmt. L.L.C. v. MoonMouth Co.*, No. 7841-VCP, 2015 WL 778846, at *8 (Del. Ch. Feb. 24, 2015). "Courts generally apply either the broader 'because of litigation' test or the narrower 'primary purpose' test." *Id.* "Delaware applies the 'because of' test. Accordingly, a document created because of litigation likely is entitled to work product protection." *Id.* "Thus, work product protection extends relatively broadly in Delaware." *Id.*

[redacted] This Court should join the numerous other courts in Delaware and across the country that have concluded that litigation funding documents are created because of litigation and, therefore, protected as work product. *See Charge Injection Techs., Inc. v. E. I. du Pont de Nemours & Co.*, No. 07C-12-134-JRJ, 2015 WL 1540520, at *5 (Del. Super. Ct. Mar. 31, 2015) ("Under Delaware law, the redacted payment terms in the Financing Agreement are entitled to work product protection, and that protection is not precluded merely because the Financing Agreement may also serve a business function."); *Viamedia, Inc. v. Comcast Corp.*, No. 16-cv-5486, 2017 WL 2834535, at *3 (N.D. Ill. June 30, 2017) (concluding that work product protects litigation funding documents and noting "that its conclusion is consistent with that of other courts"). In fact, in *Impact Engine, Inc. v. Google LLC*, a case Samsung cited to try to argue that this discovery is relevant, the court concluded just this week that litigation funding documents "satisfy the 'because of' test and constitute work product." Ex. 11, D.I. 129 at 2 (S.D. Cal. Oct. 20, 2020). This Court should reach the same result.

In claiming that work product does not protect this discovery, Samsung applies the wrong test. Two of Samsung's cases apply the "primary purpose" test. *See U.S. v. Textron Inc. & Subsidiaries*, 577 F.3d 21, 29 (1st Cir. 2009); *Acceleration Bay*, 2018 WL 798731, at *2. But "Delaware courts have expressly rejected the primary purpose test." *Carlyle*, 2015 WL 778846, at *8. Another case mentions the "primary purpose" test when discussing the Fifth Circuit's standard but then explains that the Third Circuit uses the "because of" test. *See U.S. v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir. 1990). These documents would likely still be entitled to work product protection under the "primary purpose" test, but the fact that the broader "because of" test applies makes the decision even easier.

It is unclear whether Samsung argues that Elm waived work product protection, but such an argument should fail. "Because the work product doctrine serves to protect an attorney's work product from the adversary, a disclosure to a third-party does not necessarily waive the protection of [the] work product, as it does with attorney-client privilege." *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 478 (D. Del. 2012). To waive work product, "the disclosure must enable an adversary to gain access to the information." *Id.* [redacted] *See* Ex. 12, *Walker Digital LLC v. Google Inc.*, D.I. 280 at 2 (D. Del. Feb. 12, 2013) (concluding plaintiff and its "patent monetization consultant" "share a common legal interest").

Finally, Samsung does not have a substantial need for this discovery. *See* Fed. R. Civ. P. 26(b)(3)(ii). The fact that courts exclude this evidence at trial shows there is no *substantial* need for it. *See AVM Techs.*, 2017 WL 1787562, at *3. So Elm requests that the Court deny Samsung's motion.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)