**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ELM 3DS INNOVATIONS LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Business Entity, SAMSUNG SEMICONDUCTOR, INC., a California Corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation, SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | C.A. No. 14-1430-LPS |

## MEMORANDUM ORDER

Pending before the Court is Defendants' (collectively, "Samsung's") request to compel certain litigation funding-related discovery from Plaintiff ("Elm"). (*See* D.I. 341, 344, 348, 349, 355, 367, 371.) During a discovery dispute teleconference, the Court ordered Elm to produce for *in camera* review a selection of 50 disputed documents from the following four categories: (1) agreements with third parties that provided or considered providing litigation funding (Category 1); (2) communications with third parties that did not provide litigation funding (Category 2); (3) communications with funders that occurred prior to this litigation (Category 3); and (4) communications with funders that occurred after this litigation began (Category 4). Samsung contends that the disputed discovery is relevant to damages, "key" substantive patent issues, standing, "trial themes," and bias. Samsung further argues that the requested discovery is not privileged or protected by the work product doctrine. Elm responds that the disputed documents are irrelevant and protected by the work product doctrine.

Having now reviewed *in camera* the documents submitted by Elm, and having considered all of the parties' filings, **IT IS HEREBY ORDERED** that Samsung's request to compel discovery is **DENIED**.

1. "Discoverability of litigation funding materials under Federal Rule of Civil Procedure 26 is a contested issue on which there is no binding precedent in the Third Circuit." *United Access Techs., LLC v. AT&T Corp.*, No. CV 11-338-LPS, 2020 WL 3128269, at *1 (D. Del. June 12, 2020). Judges in this district have found it "prudent" to review *in camera* disputed litigation funding-related documents. *Id.* That is the approach the Court has taken here.

2. I conclude that the documents in Category 1 are not relevant. Although there is a split of authority, I agree with the courts that have concluded that litigation funding agreements themselves are generally not relevant. I have also reviewed the submitted documents at issue here, and I agree with Elm that they are not relevant to any of the issues proffered by Samsung.

3. Having reviewed the submitted documents in Categories 2 and 3, I note that portions of certain attachments to a subset of those documents discuss litigation strategy with respect to the patents-in-suit and are thus (arguably) marginally relevant to the parties' claims and defenses. However, those documents were clearly prepared in anticipation of litigation (regardless of which test applies to that determination) and are thus protected by the work product doctrine.[1]

4. I conclude that the documents in Category 4 are protected by the work product doctrine.

Dated: November 19, 2020

                                           _____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE

---

[1] Samsung has not argued that any work product protection was waived because the documents were disclosed to a third party, and I would reject that argument.