IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG SEMICONDUCTOR, INC., a California corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware limited liability company,<br><br>Defendants. | C.A. No. 14-1430-LPS |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM
ADAM W. POFF REGARDING DEFENDANTS' DISCOVERY ISSUES
TO BE HEARD ON DECEMBER 2, 2020**

OF COUNSEL:

Allan M. Soobert
Naveen Modi
Phillip W. Citroën
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (fax)
allansoobert@paulhastings.com
naveenmodi@paulhastings.com
phillipcitroen@paulhastings.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
*apoff@ycst.com*
*pkraman@ycst.com*

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC*

Dated: November 19, 2020

27367153.1

Dear Magistrate Judge Hall:

Elm is withholding significant discovery related to patent valuation and damages. Samsung requested that Elm produce (1) all financial documents, such as balance sheets, income statements, and cash flow statements (RFP No. 62); (2) tax returns (RFP Nos. 59, 167, Interrogatory No. 5); and (3) all valuation reports or appraisals by Elm or any third party (RFP Nos. 59, 157, 167). Ex. 1-4. Samsung has further requested that Elm supplement its response to Samsung's Interrogatory No. 5 regarding valuation. Ex. 4. Elm has agreed to produce only documents and information specifically showing the asserted patents' value. Ex. 5. Elm does not assert that the remaining documents and information are privileged or that producing them is burdensome. *Id*. And they are relevant to damages. Samsung therefore requests that the Court order Elm to produce all responsive documents and supplement its interrogatory response to provide all responsive information.

I. **Elm's Valuation Documents, Financial Statements, and Tax Returns Are Relevant and Discoverable**

Documents reflecting the asserted patents' valuation are relevant and discoverable. *Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 U.S. Dist. LEXIS 137077, at *7–8 (N.D. Cal. July 30, 2020). Under Federal Rule of Civil Procedure 26(b), information need not be admissible to be discoverable. *Id.* But courts regularly admit patent valuations into evidence, demonstrating that they are undoubtedly discoverable. *Robocast, Inc. v. Microsoft Corp.*, No. 10-1055-RGA, 2014 U.S. Dist. LEXIS 5836, at *8–9 (D. Del. Jan. 16, 2014). Indeed, Elm recognizes this fact and has agreed to produce documents and information specifically reflecting the asserted patents' value.

But Elm refuses to produce documents and information regarding the value of Elm's broader patent portfolio. These withheld documents are relevant because the asserted patents are part of Elm's patent portfolio. Any document referring to the Elm patent portfolio's value would demonstrate the individual asserted patents' value. *Uniloc*, 2020 U.S. Dist. LEXIS 137077, at *7–8.

In addition, evidence of any unasserted Elm patent or portfolio's value would be relevant. The unasserted and asserted Elm patents may be comparable to each other, making evidence of the unasserted patents' value relevant to the hypothetical negotiation. *See Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, No. 15-634-JFB-SRF, 2018 WL 6978576, at *2 (D. Del. Mar. 8, 2018). Thus, Elm should be required to produce all documents addressing any of its patents' valuation.

Elm has also refused to produce documents and information regarding its overall assets' value even though those documents and information also are relevant and discoverable. Elm's patents, and most notably the patents asserted here, form the majority of its assets. Therefore, documents disclosing Elm's total assets, even without citing specific patents, are relevant to damages. Similar to an asserted patent's purchase price, Elm's asset valuation shows how much a party would pay for Elm's assets, which is evidence of the asserted patents' maximum possible

1

value. *See Spectralytics v. Cordis Corp.*, 650 F. Supp. 2d 900, 914–16 (D. Minn. Sept. 4, 2009), *aff'd in part, rev'd on other grounds*, 649 F.3d 1336 (Fed. Cir. 2011).  That valuation thus bears on the hypothetical negotiation.

In particular, Elm has refused to produce its financial statements and tax returns even though it cannot dispute that financial statements and tax returns are discoverable. *See* Special Master Order, *TQ Delta v. Adtran*, No. 14-954-RGA, D.I. 380 at 7–9 (D. Del. May 2, 2018), *adopted and objections overruled,* Order, D.I. 449 (D. Del. July 5, 2018) (noting production of financial statements)*, adopted and objections overruled*, Order, D.I. 450 (D. Del. July 6, 2018); *Blue Spike, Inc. v. Vizio, Inc.*, No. 8:17-cv-01172-DOC-KES, 2018 U.S. Dist. LEXIS 232679, at *4 (C.D. Cal. Aug. 31, 2018) (ordering patent holder to produce financial statements); *Romer v. Interstate Prods. Inc.*, No. 6:06-2867-HFF, 2009 U.S. Dist. LEXIS 142607, at *4, *6 (D.S.C. Mar. 20, 2009) (ordering patent holder to produce tax returns). These documents likely will disclose the value of Elm's assets, and, in this case, the value of Elm's assets is closely tied to the asserted patents' value. Thus Elm should be required to produce its financial statements and tax returns.

Elm has a significant amount of documents and information regarding the asserted patents' value and has disclosed some of that information to Samsung. But the case law is unequivocal: Financial statements, tax returns, and evidence of the value of Elm's patent portfolio and assets is relevant. Elm has not claimed and cannot claim that producing that discovery would be burdensome or that the information is privileged. Elm should thus be ordered to produce it.

## II.      Elm Cannot Condition Its Production on Mutual Discovery

Elm conditions its financial and patent valuation production on similar discovery from Samsung. Elm demands that Samsung produce documents showing how Samsung values the accused products or financial information for the business unit responsible for selling the accused products. Ex. 5. Elm's request is improper for three reasons.

First, Elm served over two hundred discovery requests. None seek Samsung's financial statements or tax returns or any document that would attempt to value the accused products. The deadline for document requests and interrogatories passed. Thus, Elm does not have a discovery request to enforce.

Second, Elm does not need this discovery. Elm relies on *Stephens v. Dr. Greens, Inc.*, No. 3:11-cv-0638-JAH-KSC, D.I. 110 (S.D. Cal. May 6, 2014), to argue that Samsung should produce documents valuing the accused products. There, the accused infringer had produced revenue data but not costs, expenses or profits. Thus, the patentholder needed additional financial information for its damages analysis. In contrast, Samsung produced comprehensive financial data on U.S. and worldwide sales, costs of goods, operating expenses, and inter-company transfer prices for the accused components and their downstream products. Any further discovery would be duplicative.

Third, as a publicly traded company, Samsung's financial statements are available to Elm. *See* https://www.samsung.com/ global/ir/financial-information/audited-financial-statements/. Samsung need not produce publicly available documents that all parties can access. *Purdue Pharma Prods. L.P. v. Par Pharm., Inc.*, No. 07-255-JJF, 2008 U.S. Dist. LEXIS 65944, at *8 (D. Del. Aug. 26, 2008).

### III.    Conclusion

For these reasons, Samsung respectfully requests that the Court order Elm to: (1) produce all valuation reports or appraisals by Elm or any third party; (2) produce all financial documents, *e.g.*, balance sheets, income statements, cash flow statements; (3) produce all tax returns; and (4) provide a supplemental response to Samsung's Interrogatory No. 5 on valuation.

Respectfully submitted,

/s/ *Adam W. Poff*

Adam W. Poff (No. 3990)

Attachments: Exhibits 1-5

cc:  Counsel of Record (By CM/ECF and E-mail)