IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELM 3DS INNOVATIONS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 14-1430-LPS-JLH |
| SAMSUNG ELECTRONICS CO., LTD., et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Hall issued an oral discovery order (D.I. 393) ("Order") on December 4, 2020, having heard argument on December 2 (D.I. 387) ("Tr")[1] and on December 4, granting Elm 3DS Innovations, LLC's ("Elm") motion to compel Samsung Electronics Co., Ltd., et al. ("Samsung") to produce discovery regarding relevant products with a die thickness of 65 microns or less[2] and ordering Elm to pay for half of the expense of the additional discovery;

---

[1] Most of the argument took place on December 2, but the parties answered a few additional questions from Judge Hall on December 4 before she issued her ruling. (*See* Order at 3-7)

[2] Elm's motion to compel seeks discovery regarding "relevant products with a ***substrate*** thickness of 50 microns or less." (D.I. 374) (emphasis added) Samsung, however, does not keep information on substrate thickness alone. (*See* Tr. at 16, 22, 37) Thus, Elm reframed its request to seek discovery relating to relevant products with a ***die*** thickness of 65 microns or less. (*See id.* at 26-27; Order at 11) The parties agree that, for infringement purposes, the relevant inquiry pertains to the products' ***substrate*** thickness. (*See* Objs. at 2; Resp. at 2) In light of the Federal Circuit's construction of "a substantially flexible semiconductor substrate" in *Samsung Electronics Co. v. Elm 3DS Innovations, LLC*, 925 F.3d 1373, 1380 (Fed. Cir. 2019), and this Court's subsequent claim construction order (*see* D.I. 267), it is undisputed that the claims of Elm's asserted patents only cover products with a layer in which the ***substrate*** thickness is 50 microns or less.

1

WHEREAS, on December 18, 2020, Samsung objected to the portion of the Order granting the additional discovery (D.I. 389) ("Objections" or "Objs."), asserting that Elm is judicially estopped from seeking discovery on such products and that Elm's request is untimely, unwarranted, and not proportional to the needs of the case;

WHEREAS, on January 11, 2021, Elm responded to the Objections (D.I. 397) ("Response" or "Resp.");

WHEREAS, the Court has reviewed Judge Hall's Order under a "clearly erroneous or contrary to law" standard, *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Norguard Ins. Co. v. Serveon Inc.*, 2011 WL 344076, at *2 (D. Del. Jan. 28, 2011) ("In discovery matters, decisions of the magistrate judge are given great deference and will be reversed only for an abuse of discretion.");

WHEREAS, a magistrate judge's order "is contrary to law only when the magistrate judge has misinterpreted or misapplied the applicable law," *Evans v. John Crane, Inc.*, 2019 WL 5457101, at *6 (D. Del. Oct. 24, 2019) (internal citation and quotation marks omitted);

WHEREAS, under the "clearly erroneous" standard, the Court will only set aside findings of a magistrate judge when it is "left with the definite and firm conviction that a mistake has been committed," *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007) (internal citation and quotation marks omitted);

**NOW THEREFORE, IT IS HEREBY ORDERED** that Samsung's Objections are **OVERRULED**, the Order is **ADOPTED**, and Elm's motion to compel remains **GRANTED**, for the following reasons:

1. As an initial matter, the Court agrees with Elm that Samsung's Objections can be overruled based on a procedural failing. Samsung failed to comply with Local Rules 7.1.5(b)

and 72.1(b), which require a party filing objections to a magistrate judge's order to identify the appropriate standard of review. As Elm points out, "Samsung may have omitted the standard because its Objections clearly fail under the correct standard of review, which is deferential to Judge Hall's order." (Resp. at 5; *see also id.* at 6 ("[T]he Court does not exercise unfettered discretion on discovery matters that were referred to a Magistrate Judge in the first instance."))[3]

2. Samsung's Objections fail on the merits as well. Samsung argues that Elm is judicially estopped from seeking discovery on products with a "substrate" thickness of 50 microns or less, because Elm previously sought and obtained discovery on products with a "circuit layer" or "die" thickness of 50 microns or less. (*See* Objs. at 9-10)

3. Judicial estoppel is only appropriate when: (1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one she previously asserted; (2) the party changed her position in bad faith, i.e., with an intent to play fast and loose with the court, and (3) the use of judicial estoppel is tailored to address the affront to the Court's authority or integrity and no lesser sanction would adequately remedy the situation. *See Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 777-78 (3d Cir. 2001).

4. Although Judge Hall had no occasion to address judicial estoppel (*see supra* n.3), she made a finding that Elm did not act in bad faith. (*See* Order at 13) She stated that "while I do find that the situation is a result [of] a change of strategy on the part of Elm, I cannot

---

[3] Elm contends that Samsung's Objections may also be overruled based on Samsung's failure to adequately clarify in its certification – required by the Court's October 9, 2013 Standing Order for Objections Filed Under Fed. R. Civ. P. 72 ("Standing Order") – that its judicial estoppel argument in its Objections is "new." (Resp. at 7) The Court agrees with Elm that judicial estoppel was not fairly presented to Judge Hall; it was only raised for the first time during the December 2, 2020 hearing (*see* Tr. at 44-46), was not raised in Samsung's briefs or extensive exhibits (*see* Resp. at 7), and is not addressed in Judge Hall's Order. The Court need not determine whether Samsung's certification (D.I. 390) was so deficient as to provide an independently adequate basis for overruling its Objections.

conclude that Elm has acted in bad faith." (*Id.*) Nothing in the record suggests this finding is clearly erroneous. Nor does Samsung argue it is, stating instead in its Objections that Judge Hall's "underlying factual findings are ***entirely correct***." (Objs. at 1) (emphasis added) Accordingly, Elm is not judicially estopped. *See Montrose*, 243 F.3d at 780-81 ("Inconsistencies are not sanctionable unless a litigant has taken one or both positions in bad faith.") (internal citation and quotation marks omitted). Additionally, there is no indication of any affront to the integrity of the courts from allowing Elm to press its current position, and Judge Hall's remedy – which considers and addresses the prejudice to Samsung – belies Samsung's argument that no lesser sanction would adequately remedy the situation.[4]

3. Samsung also asks the Court to conclude that Elm's delay renders the discovery at issue untimely, unwarranted, and not proportional to the needs of the case. In fact, as Judge Hall noted, fact discovery has not yet closed and a trial date has not been set; there remains sufficient time for the additional discovery to occur.[5] (*See* Order at 13) ("[A]lthough I understand that we are talking about producing core technical documents and sales data for potentially hundreds of additional products, there is time for this discovery to take place.") There is nothing clearly erroneous in Judge Hall's findings – and, again, Samsung does not really argue to the contrary. Moreover, the discovery sought by Elm is warranted and proportional to the needs of the case.[6] The products at issue meet the substrate limitation of the claims, Samsung has not yet produced

---

[4] While Elm disagrees (*see* Resp. at 5) with Judge Hall's finding that the parties' dispute arose from a "change in strategy on the part of Elm" (Order at 12), Elm does not contend this finding is clearly erroneous. Even accepting this finding, however, Samsung has nevertheless failed to show that Elm's current position is "diametrically opposed" to (or irreconcilably inconsistent with) Elm's prior position. (Objs. at 9)

[5] The deadline for fact discovery has been extended to July 15, 2021. (*See* D.I. 395)

[6] The Court so concludes while recognizing that, as Samsung points out, "[t]his case has been pending for six years, and already involves over 1,400 products." (Objs. at 1)

4

information about those products, and there is a reasonable basis to believe that "billions of dollars" of sales of these products may be at issue. (*See id.*) Finally, the fact that Elm will pay for half of the expense of the additional discovery significantly reduces the prejudice to Samsung.

4.     Given the detailed reasoning provided in the Order, the Court finds it unnecessary to address Samsung's Objections any further.

May 24, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE